854 P.2d 251

**BOISE GROUP HOMES, INC.,**
Petitioner–Appellant,

v.

**IDAHO DEPARTMENT OF HEALTH
AND WELFARE, Respondent.**

No. 19893.

Supreme Court of Idaho,
Lewiston, October 1992 Term.

June 9, 1993.

Pierce & Stoddard, Boise, for appellant. Steven M. Stoddard argued.

Larry EchoHawk, Idaho Atty. Gen., Bradford D. Goodsell, Deputy Atty. Gen., Boise, for respondent. Bradford D. Goodsell argued.

TROUT, Justice.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Boise Group Homes (BGH) is a health care provider which contracts with the Idaho Department of Health and Welfare (the Department) to provide medical services to Idaho citizens. The Department administers the Medicaid program in Idaho which includes reimbursing health care providers such as BGH for approved costs of services to patients.

In 1986 as in prior years, BGH submitted a statement to the Department seeking reimbursement for the costs of a consultant to provide psychological services to its Medicaid patients. At that time, the allowable reimbursement rate for psychological consultants was twenty six dollars per hour. According to the Medicaid regulations, consultant fees in excess of the al-

lowable rate would be paid only if the health care provider documented its unsuccessful effort to obtain services at the allowable rate.

In the final audit report for the year ending in September, 1987, the Department refused to reimburse BGH for consultant fees in excess of those allowed by the regulations. As a result, BGH was not reimbursed for $1,989.75 in consultant fees. The administrator of the Division of Welfare approved the Department's final audit and on October 16, 1990, an administrative hearing officer affirmed that decision. BGH appealed to the district court which affirmed the decision of the Department denying reimbursement.

## II.

### SCOPE OF REVIEW

■ A court which is reviewing an agency decision may not substitute its judgment for that of the administrative hearing officer on questions of fact. *Van Orden v. State, Dep't of Health & Welfare*, 102 Idaho 663, 667, 637 P.2d 1159, 1163 (1981). Furthermore, the reviewing court may reverse the agency's decision or remand for further proceedings only if substantial rights of the appellant have been prejudiced. I.C. § 67–5215(g). On appeal, this Court reviews an agency's decision independently of the district court's appellate decision. *Dovel v. Dobson*, 122 Idaho 59, 61, 831 P.2d 527, 529 (1992). We will uphold an agency's finding of fact if such finding is supported by substantial and competent evidence. *Id.* at 62, 831 P.2d at 530.

## III.

### BGH DID NOT MAKE THE NECESSARY EFFORT UNDER THE MEDICAID REGULATIONS TO OBTAIN A PSYCHOLOGIST AT THE ALLOWABLE RATE

■ The sole issue for review is whether there is substantial and competent evidence

to support the hearing officer's finding that BGH did not make the necessary effort to obtain a psychologist at the allowable rate. The provider reimbursement manual provides that consultant fees in excess of the allowable rate are not reimbursed "unless the provider has documented an effort to obtain consultant services at the allowed rate and has been unable to do so. Documentation would include at a minimum, recruitment advertising for the services." IDAPA 16.03.10115,15.

In the present case, the hearing officer found that BGH did not make a sufficient effort to obtain a psychologist at the allowable rate of twenty six dollars per hour. The Medicaid regulations only require that a provider hire a psychologist who has a master's degree from an accredited program and experience or training in the field of mental retardation. 42 C.F.R. § 442.-490(a). BGH argues that it advertised for higher qualifications because a psychologist must be licensed in order to practice in Idaho and the licensure provisions require more than the Medicaid regulations.[1] We find it unnecessary to reach this issue because, even accepting BGH's interpretation, the record supports the hearing officer's conclusion that BGH did not adequately document its inability to obtain a qualified consultant at the allowable rate.

The president of BGH, Richard Davis, advertised for services in *The Idaho Statesman*. The advertisement requested qualifications over and above those required by the Medicaid regulations and state licensure standards. BGH's advertisement requested a psychologist with a Ph.D., graduate training in clinical or developmental psychology and five years of experience in community-based programs. BGH did not receive any responses to this advertisement.

BGH also sent a survey to psychologists in the Boise area inquiring about their hourly rate. The cover letter for this sur-

---

1. I.C. § 54–2307 requires that a new applicant for licensure have a doctoral degree and experience that is "acceptable" to the Board of psychologist examiners. Under certain circumstances, a person with a master's degree in psychology who has practiced psychology for five years may qualify for licensure. *See* I.C. § 54–2308(b).

vey did not contain any details about the kinds of services requested, only that BGH was a Medicaid provider. By Davis' own admission, these surveys were only intended to discover the current charges for consultant services, not actually to solicit a consultant. BGH sent out thirty surveys and received twenty-two responses. Only one responding psychologist, Dr. Dixon, indicated an hourly rate under fifty dollars. Dr. Dixon advised that he would provide psychological services to Medicaid patients for twenty six dollars per hour if BGH had more than eight patients and provided office space and clerical services.

Davis did not contact Dr. Dixon even though Davis was aware that Dr. Dixon had been providing similar psychological services for another health care provider at the allowable rate. Davis made no effort to discuss Dr. Dixon's fee or to determine if any of his conditions were negotiable. Instead, BGH continued to use the services of Dr. Pickford at the rate of fifty dollars per hour.

Dr. Pickford did not charge BGH an additional fee for clerical services or office space. Davis made no effort to determine what the cost differential would be between BGH providing these services to Dr. Dixon as opposed to having them included in Dr. Pickford's rate of fifty dollars per hour. Davis testified that he hired Dr. Pickford because she had a degree in developmental psychology and was the best qualified to treat the developmentally disabled.

Other than an advertisement in the local newspaper and a general survey on current rates, BGH presented no other documentation of its efforts to seek the services of a qualified consultant at the allowable rate. We believe there is substantial, competent evidence to support the hearing officer's finding that BGH did not make a sufficient effort to meet the Medicaid requirements.

We note in passing that there is nothing in the record to indicate that BGH was doing anything other than considering the best interests of the developmentally disabled by hiring a highly qualified psychologist. It is lamentable that BGH's effort to

obtain the best qualified psychologist to care for the residents of its group home is discouraged by regulations which exalt cost over quality.

We affirm the decision of the district court which upheld the findings of the hearing officer. Costs but not attorney fees are awarded to respondent on appeal.

McDEVITT, C.J., BISTLINE and JOHNSON, JJ., and MICHAUD, District Judge (Pro Tem.) concur.