938 P.2d 1245

**GREENFIELD VILLAGE APART-MENTS, L.P., an Oregon limited partnership, Petitioner–Appellant,**

v.

**ADA COUNTY, Idaho; and Robert McQuade, Ada County Tax Assessor, Respondents.**

No. 23018.

Supreme Court of Idaho, Boise, March 1997 Term.

June 12, 1997.

208

Penland Munther Boardman, Chtd., Boise, for petitioner–appellant. Forrest R. Goodrum argued.

Greg H. Bower, Ada County Prosecutor, Cary B. Colaianni, Deputy Prosecuting Attorney (argued), Boise, for respondents.

SCHROEDER, Justice.

This is an appeal from a property tax assessment of an apartment complex owned by appellant Greenfield Village Apartments, L.P. (Greenfield), an Oregon limited partnership that is registered to do business in Idaho. Greenfield's apartment complex is a low-income rental housing project constructed under section 42 of the Internal Revenue Code. Greenfield entered into a Regulatory Agreement with the Idaho Housing Agency (Agreement). Under the Agreement, Greenfield is eligible for a low-income housing tax credit of $258,012, and the Agreement sets forth a restrictive covenant that binds Greenfield and all subsequent owners to restricted rent charges for twenty years.

## I.

## BACKGROUND

The Ada County Tax Assessor (Assessor) employed three market approaches in the appraisal of Greenfield's apartment complex for ad valorem tax purposes: (1) the "cost approach" which yielded a value of $3,148,-610, (2) the "income approach" which yielded $3,201,120, and (3) the "sales comparison approach" which yielded $3,201,100. The Assessor assessed Greenfield's apartment complex as having a 1995 taxable value of $3,201,000, utilizing the "sales comparison approach." Greenfield filed a protest of valuation. Greenfield hired a private appraiser who appraised the property at $2,650,000, as an estimate of "the market value of the subject apartment complex, subject to the restrictive covenants imposed under the Regulatory Agreement." The Ada County Board of Equalization (Board) upheld the taxable value determined by the Assessor. Greenfield appealed to the district court pursuant to I.C. § 63–2210(3) (repealed 1997), requesting that the assessment of the apartment complex be reduced to $2,650,000 for the calendar year 1995. Greenfield further requested a mandatory injunction directing the Assessor to base future tax valuations on maximum rent chargeable for the apartment complex under the Agreement entered into by Greenfield and the Idaho Housing Agency, rather than relying upon hypothetical "market rate" rents. The district court affirmed the decision of the Board and upheld the Assessor's determination of taxable value for the 1995 tax year. Greenfield appealed to this Court.

## II.

## STANDARD OF REVIEW

■ On appeal, this Court reviews agency decisions independently of appellate decisions by the district court. *Willig v. State Dep't of Health & Welfare,* 127 Idaho 259, 261, 899 P.2d 969, 971 (1995); *Boise Group Homes, Inc. v. Idaho Dep't of Health & Welfare,* 123 Idaho 908, 909, 854 P.2d 251, 252 (1993); *Dovel v. Dobson,* 122 Idaho 59, 61, 831 P.2d 527, 529 (1992).

■ Judicial review is confined to the record, and the reviewing court does not substitute its judgment for that of the administrative agency on questions of fact. *Boise Group Homes,* 123 Idaho at 909, 854 P.2d at 252; *Dovel,* 122 Idaho at 61, 831 P.2d at 529; *Morgan v. Idaho Dep't of Health & Welfare,* 120 Idaho 6, 8–9, 813 P.2d 345, 347–48 (1991). The value of property for purposes of taxation determined by an assessor is presumed correct, and the burden of proof is on the taxpayer to show by clear and convincing evidence that the taxpayer is entitled to the relief claimed. *Merris v. Ada County,* 100 Idaho 59, 64, 593 P.2d 394, 399 (1979); *Ada County v. Sears, Roebuck & Co.,* 74 Idaho 39, 46–47, 256 P.2d 526, 530 (1953). The Court will grant a taxpayer relief " 'where the valuation fixed by the assessor is manifestly excessive, fraudulent or oppressive; or arbitrary, capricious and erroneous resulting in discrimination against the taxpayer.' " *Merris,* 100 Idaho at 64, 593 P.2d at 399 (quoting *Sears, Roebuck & Co.,* 74 Idaho at 46–47, 256 P.2d 526). The Court may reverse or modify if substantial rights of the parties have been prejudiced by administrative findings which violate constitutional or statutory provisions, are in excess of authority, are made upon unlawful procedure, or are clearly erroneous or arbitrary and capricious. *Dovel,* 122 Idaho at 61, 831 P.2d at 529 (citing *State ex rel. Richardson v. Pierandozzi,* 117 Idaho 1, 784 P.2d 331 (1989)). Factual determinations are not erroneous when they are supported by competent and substantial evidence even though conflicting evidence exists. *Wulff v.* *Sun Valley Co.,* 127 Idaho 71, 73–74, 896 P.2d 979, 981–82 (1995). Erroneous conclusions of law made by an agency may be corrected on appeal. *See Love v. Board of County Comm. of Bingham County,* 105 Idaho 558, 671 P.2d 471 (1983).

■ If the Court cannot find any support for the Commission's decision it can reverse the decision or remand the case for further proceedings. *Dovel,* 122 Idaho at 61, 831 P.2d at 529; *Idaho County Nursing Home v. Department of Health & Welfare,* 120 Idaho 933, 940 821 P.2d 988, 995 (1991); *Love,* 105 Idaho 558, 671 P.2d 471.

## III.

## THE ASSESSOR ERRED IN REFUSING TO CONSIDER RESTRICTIVE COVENANTS LIMITING USE OF THE PROPERTY TO LOW–INCOME HOUSING WITH RENT RESTRICTIONS.

Idaho Code section 63–202 (repealed 1997) provides the following:

> It shall be the duty of the state tax commission to prepare and distribute to each county assessor and each board of county commissioners within the state of Idaho, rules prescribing and directing the manner in which market value for assessment purposes is to be determined for the purpose of taxation. The rules promulgated by the state tax commission shall require each assessor to find market value for assessment purposes of all property within his county according to recognized appraisal methods and techniques as set forth by the state tax commission; *provided, that the actual and functional use shall be a major consideration when determining market value for assessment purposes.*

I.C. § 63–202 (repealed 1997) (emphasis added).

The County takes the position that it is not required to consider the restrictive covenants that place rent restrictions on the property, relying upon Idaho Code section 63–111:

For purposes of appraisal, assessment and taxation of property in title 63, Idaho Code, the terms "assessed value," "assessed valuation," "value," "valuation," "cash value," "full cash value," "true value," and "true cash value" shall mean "market value for assessment purposes," as defined by rules and regulations of the state tax commission.

I.C. § 63–111 (repealed 1997).

The County argues that the term "full cash value" precludes discounting the value of the property as a consequence of the rent limitations. The County maintains that the property must be valued as apartment rental property on the open market without consideration of the fact that it is used as low-income housing.

The County's position ignores the significance of the requirement of I.C. § 63–202 that "actual and functional use shall be a major consideration when determining market value for assessment purposes." The "actual and functional use" of this property is as rent-restricted, low-income housing. It cannot be used otherwise.

In *Fairway Dev. Co. v. Bannock County*, 113 Idaho 933, 750 P.2d 954 (1988), this Court considered valuation of a condominium complex. Despite the fact there were fifty-six units, only nine had sold as condominiums in a ten-year period. The remaining units were rented as apartments. The Bannock County Assessor used the market data approach in valuing the property, comparing the unsold units with similar property that had sold as condominiums. This Court remanded for reconsideration of the valuation, noting "that assessments pursuant to an approved method of appraisal may still be arbitrary, capricious and unreflective of fair market value in the actual and functional use of the property." 113 Idaho at 938, 750 P.2d at 961. In the case at hand the County has also ignored the "actual and functional use" of the property.

■ The County argues that the valuation by Greenfield's appraiser is unreliable, because he valued the property by using sales figures of non-rent subsidized properties and then reduced or discounted those figures in consideration of the restricted rental income without recognizing the value added by the tax credit. The record on the proper treatment of the tax credit is not fully developed in the present appeal. That question may be developed upon remand in determining the proper valuation of the property. Regardless of the effect of the tax credit, the County did not consider the actual and functional use of the property as required by I.C. § 63–202, and the case must be remanded.

## IV.

### THE ASSESSOR INCLUDED THE COST OF THE PROPERTY TWICE IN DETERMINING THE ASSESSMENT.

The parties have indicated that the actual cost of the land and improvements for the apartment complex is undisputed at $3,175,250, consisting of the land purchase in the amount of $275,000 and a cost of construction of $2,900,250. However, a review of the Low Income Housing Tax Credit Application indicates the cost of construction of $2,900,250 includes within it the land cost of $275,000. It appears that the Assessor mistakenly believed that the $2,900,250 excluded the cost of the land. Based on the record submitted to this Court that is not correct. The Assessor's valuation includes the $275,000 land cost twice. Upon remand the Assessor should utilize the correct amounts for cost of construction, eliminating the double accounting for the land cost.

## V.

### CONCLUSION

The district court's decision is vacated and remanded for valuation considering the actual and functional use of the property as low-income, rent-restricted property and to eliminate the double inclusion of the land cost in determining the cost of the apartment complex. The appellant is allowed costs. Neither party is awarded attorney fees.

TROUT, C.J., and JOHNSON and SILAK, JJ., concur.

McDEVITT, J., concurs in result.

McDEVITT, Justice, concurring in result.

I concur in the result reached by the Court and write only to express the position that it is essential to take into consideration the tax credits realized by Greenfield in order to establish the fair market value of the units in question. To claim that the "actual and functional use" of the property is that of "rent-restricted, low income housing" and not address the tax credits in determining its fair market value is untenable.