41 P.3d 237

**ROEDER HOLDINGS, L.L.C., an Idaho Limited Liability Company, Appellant–Respondent,**

v.

**BOARD OF EQUALIZATION OF ADA COUNTY, Respondent–Appellant.**

No. 26493.

Supreme Court of Idaho, Boise, December 2001 Term.

Dec. 28, 2001.

Rehearing Denied Feb. 15, 2002.

810

Greg H. Bower, Ada County Prosecuting Attorney; Teresa Ann Baker, Deputy Prosecuting Attorney, Boise, for appellant. Teresa Ann Baker argued.

Risch, Goss & Insinger, Boise, for respondent. W. John Thiel argued.

WALTERS, Justice.

This appeal involves a property tax assessment in Ada County of an undeveloped thirty-acre parcel of land owned by Roeder Holdings, L.L.C. Ada County appeals from a district court judgment, which held that the property qualifies for an agricultural exemption pursuant to I.C. § 63–602(K). We affirm.

## I.

## BACKGROUND

Roeder Holdings, L.L.C., applied for a real property agricultural tax exemption for the 1998 tax year on a thirty-acre parcel located at 2131 South Cole Road in Boise, with an assessed value of $510,000. That parcel had been part of a sixty-acre tract purchased by Roeder in March of 1996 while the property was zoned commercial M 5, which allowed farming. In November 1996, Roeder applied with the New York Irrigation District to transfer the water right attached to the original sixty acres to another eighty-acre parcel of land owned by Roeder located approximately four miles south of the subject property. Roeder began clearing and leveling the thirty-acre parcel in 1997, anticipat-

ing raising a crop for the upcoming 1998 growing season. Based on the fact that Roeder had transferred the water rights from the property, the Ada County Assessor denied Roeder the agricultural exemption. Roeder appealed. The Ada County Board of Equalization considered Roeder's application on July 10, 1998, and affirmed the County's assessment. Roeder then appealed to the Board of Tax Appeals, which heard the matter on November 5, 1998.

In its Final Decision and Order, dated February 9, 1999, the Board determined that many of the facts in the case were undisputed. The Board, however, focused on three facts: (1) the production of the "crop" was after the 1998 tax year assessment date of January 1, 1998; (2) the harvested "oat hay crop" consisted primarily of weeds versus oats and sold for about $1,000; and (3) the implied "profit" did not consider all of the expenses relevant to a *bona fide* profit making agricultural enterprise or a complete accounting of the costs of production.

Based on these findings, the Board concluded: "It cannot be said that the land was in a *bona fide* profit making agricultural production of field crops on January 1, 1998." The Board also concluded that Roeder failed to show by clear and specific evidence that the crop produced was a common agricultural field crop. The Board denied Roeder the requested exemption, and Roeder filed a notice of appeal to the district court.

In the district court proceedings, the parties filed cross motions for summary judgment, focusing on a conflict between a statute and a Tax Commission regulation concerning qualifications for an agricultural exemption. In deciding the applicable standard for determining entitlement to an agricultural exemption, the district court found that the Tax Commission regulation required property for which an agricultural exemption is sought to be part of a *bona fide* profit making agricultural enterprise, while the statute did not contain that requirement. The district court found that the regulation exceeded the Tax Commission's authority and therefore was unenforceable. The district court thereafter concluded that Roeder Holdings, L.L.C.,

should be granted an agricultural exemption pursuant to I.C. § 63–602(K). The court entered judgment accordingly, including for the amount of the taxes paid under protest plus interest. Ada County appealed to this Court.

## II.

## STANDARD OF REVIEW

In a recent opinion, the Court set out the standard for review of agency decisions addressing valuations for tax assessment purposes:

On appeal, this Court, reviews agency decisions independently of appellate decisions by the district court. *Willig v. State Dep't of Health & Welfare,* 127 Idaho 259, 261, 899 P.2d 969, 971 (1995); *Boise Group Homes, Inc. v. Idaho Dep't of Health & Welfare,* 123 Idaho 908, 909, 854 P.2d 251, 252 (1993); *Dovel v. Dobson,* 122 Idaho 59, 61, 831 P.2d 527, 529 (1992). Judicial review is confined to the record, and the reviewing court does not substitute its judgment for that of the administrative agency on questions of fact. *Boise Group Homes,* 123 Idaho at 909, 854 P.2d at 252; *Dovel,* 122 Idaho at 61, 831 P.2d at 529; *Morgan v. Idaho Dep't of Health & Welfare,* 120 Idaho 6, 8–9, 813 P.2d 345, 347–48 (1991). The value of property for purposes of taxation determined by an assessor is presumed correct, and the burden of proof is on the taxpayer to show by clear and convincing evidence that the taxpayer is entitled to the relief claimed. *Merris v. Ada County,* 100 Idaho 59, 64, 593 P.2d 394, 399 (1979); *Ada County v. Sears, Roebuck & Co.,* 74 Idaho 39, 46–47, 256 P.2d 526, 530 (1953). The Court will grant a taxpayer relief " 'where the valuation fixed by the assessor is manifestly excessive, fraudulent or oppressive; or arbitrary, capricious and erroneous resulting in discrimination against the taxpayer.' " *Merris,* 100 Idaho at 64, 593 P.2d at 399 (quoting *Sears, Roebuck & Co.,* 74 Idaho at 46–47, 256 P.2d 526). The Court may reverse or modify if substantial rights of the parties have been prejudiced by administrative findings which violate constitutional

statutory provisions, are in excess of authority, are made upon unlawful procedure, or are clearly erroneous or arbitrary or capricious. *Dovel*, 122 Idaho at 61, 831 P.2d at 529 (citing *State ex rel. Richardson v. Pierandozzi*, 117 Idaho 1, 784 P.2d 331 (1989)). Factual determinations are not erroneous when they are supported by competent and substantial evidence even though conflicting evidence exists. *Wulff v. Sun Valley Co.*, 127 Idaho 71, 73–74, 896 P.2d 979, 981–82 (1995). Erroneous conclusions of law made by an agency may be corrected on appeal. *See Love v. Board of County Comm'rs of Bingham County*, 105 Idaho 558, 671 P.2d 471 (1983).

*Greenfield Village Apartments, L.P. v. Ada County*, 130 Idaho 207, 209, 938 P.2d 1245, 1247 (1997).

▮▮▮ When the Supreme Court reviews a district court's decision on summary judgment, it employs the same standard as that properly employed by the trial court when ruling on the motion for summary judgment. *Kolln v. Saint Luke's Reg'l Med. Ctr.*, 130 Idaho 323, 940 P.2d 1142 (1997). Where opposing parties both move for summary judgment based on the same evidentiary facts and on the same theories and issues, the parties effectively stipulate that there is no genuine issue of material fact. *Riverside Dev. Co. v. Ritchie*, 103 Idaho 515, 650 P.2d 657 (1982). Summary judgment is appropriate only when there are no genuine issues of material fact and the case can be decided as a matter of law. I.R.C.P. 56(c); *Moss v. Mid–American Fire and Marine Ins. Co.*, 103 Idaho 298, 302, 647 P.2d 754, 758 (1982). The construction and application of a legislative act are pure questions of law as to which the Supreme Court exercises free review. *Idaho State Ins. Fund v. Van Tine*, 132 Idaho 902, 980 P.2d 566 (1999).

### III.

### THE ASSESSOR ERRED IN DENYING ROEDER HOLDINGS, L.L.C., THE REQUESTED AGRICULTURAL EXEMPTION

Under Idaho Code, Section 63–602K, the speculative portion of the value of land devoted to agriculture, as defined in I.C. § 63–604, is exempt from taxation. Idaho Code, Section 63–604 provides:

For property tax purposes, land which is actively devoted to agriculture shall be eligible for appraisal, assessment and taxation as agricultural property each year it meets one (1) or more of the following qualifications:

(a) The total area of such land, including the homesite, is more than five (5) contiguous acres, and is actively devoted to agriculture, which means:

(i) It is used to produce field crops including, but not limited to, grains, feed crops, fruits and vegetables; or

(ii) It is used by the owner for the grazing of livestock to be sold as part of a net profit-making enterprise, or is leased by the owner to a bona find lessee for grazing purposes; or

(iii) It is in a cropland retirement or rotation program.

Before both the Board of Tax Appeals and the district court, the County asserted that its decision to deny the agricultural exemption was based on language found in the IDAPA regulation, which defines land actively devoted to agriculture, and provides that:

Parcels of more than five contiguous acres under one ownership, producing agricultural field crops, timber, or grazing, or in a cropland retirement or rotation program as part of a bona fide profit making agricultural enterprise, shall be assessed utilizing the income approach and shall qualify for the exemption.

IDAPA 35.01.165(04)(d). The County presented the testimony of expert witnesses that the crop Roeder planted on the subject property was not a part of a *bona fide* farming enterprise. The County's expert, however, was unable to contradict Roeder's testimony that he had cultivated oats on the property and made a profit. The County continues to assert on appeal that only *bona fide* farming operations are entitled to an exemption and that Roeder's limited oat crop in relation to the percentage of weeds does not constitute a field crop. Roeder argues that it was wrongfully denied an exemption because its land

was devoted to agriculture and used to produce a field crop of oats, which are the only requirements of the statute.

A claim of exemption from tax must be justified, if at all, by the terms of the statute. *Bistline v. Bassett,* 47 Idaho 66, 70, 272 Pac. 696, 697 (1928); *Cheney v. Minidoka County,* 26 Idaho 471, 144 Pac. 343 (1914). The language of exemption must be given its ordinary meaning and will be strictly construed. *Bistline, supra* at 71, 272 Pac. at 697. The principles of statutory construction apply equally to statutes and to administrative regulations. *Rhodes v. Industrial Comm'n,* 125 Idaho 139, 142, 868 P.2d 467, 470 (1993).

As the district court found, there exists a variance between the statutory requirements to qualify for an agricultural exemption as set forth in I.C. § 63–604 and the IDAPA regulation. The language of the regulation has the effect of supplementing the statute to require that the production of agricultural crops be "part of a *bona fide* profit making agricultural enterprise," which is a qualification not found in the statute. The regulation departs from the statute and imposes a standard not included in the statute.

When a conflict exists between a statute and a regulation, the regulation must be set aside to the extent of the conflict. *Idaho County Nursing Home v. Dep't of Health,* 120 Idaho 933, 937, 821 P.2d 988, 992 (1991). However, regulations of administrative agencies are generally upheld if they are reasonably directed to the accomplishment of the purposes of the statutes under which they are established. *Id.*

A rule or regulation of a public administrative body ordinarily has the same force and effect of law and is an integral part of the statute under which it is made just as though it were prescribed in terms therein. *Higginson v. Westergard,* 100 Idaho 687, 690, 604 P.2d 51, 54 (1979). To be valid, an administrative regulation must be adopted pursuant to authority granted to the adopting body by the legislature. *Curtis v. Canyon Highway Dist. No. 4,* 122 Idaho 73, 831 P.2d 541 (1992). A regulation that is not within the expression of the statute, however,

is in excess of the authority of the agency to promulgate that regulation and must fail. *See Levin v. Idaho State Board of Medicine,* 133 Idaho 413, 418, 987 P.2d 1028, 1031 (1999).

In the absence of valid statutory authority, an administrative agency may not, under the guise of a regulation, substitute its judgment for that of the legislature or exercise its sublegislative powers to modify, alter, enlarge or diminish provisions of a legislative act that is being administered. *Roberts v. Transportation Dep't,* 121 Idaho 727, 827 P.2d 1178 (Ct.App.1991) *aff'd* 121 Idaho 723, 827 P.2d 1174 (1992).

The final responsibility for interpretation of the law rests with the courts. *Ware v. Idaho State Tax Comm'n,* 98 Idaho 477, 481, 567 P.2d 423, 427 (1977). A court must always make an independent determination whether the agency regulation is "within the scope of the authority conferred," and that determination includes an inquiry into the extent to which the legislature intended to delegate discretion to the agency to construe or elaborate on the authorizing statute. *Yamaha Corp. of America v. State Board of Equalization,* 19 Cal.4th 1, 78 Cal. Rptr.2d 1, 960 P.2d 1031, 1041 (1998) (Mosk, J., concurring). The *Yamaha* Court described the narrow standard under which quasi-legislative rules are reviewed as "limited to a determination whether the agency's action is arbitrary, capricious, lacking in evidentiary support, or contrary to procedures provided by law" and distinct from the broader standard courts apply to interpretive rules. *Id.* at 1037, *citing Internat'l Business Machines v. State Board of Equalization,* 26 Cal.3d 923, 163 Cal.Rptr. 782, 609 P.2d 1, fn. 7 (1980).

Here, the Tax Commission derives its authority from I.C. § 63–602K(4), which prescribes that the state tax commission "shall adopt rules implementing this section which shall establish economic rent, average crop rental and capitalization rates." The Commission was not thereby permitted to further limit the qualifications for an exemption expressed in the statute by requiring proof of a *bona fide* profit making agri-

cultural enterprise. Where the legislature enacted a statute requiring that an administrative agency carry out specific functions, that agency cannot validly subvert the legislation by promulgating contradictory rules. *Roberts, supra,* 121 Idaho at 732, 827 P.2d at 1183. The County, in considering a taxpayer's application for exemption must adhere only to the requirements of the unambiguous statute defining land actively devoted to agriculture, that is, a total acreage of more than five contiguous acres that is used to produce field crops including, but not limited to grains, feed crops, fruits and vegetables. There is no room for construction of the statute whose terms, though not defined, have a plain, obvious, and rational meaning. We conclude that Roeder's oat crop which was harvested on the property and sold as feed for horses and goats satisfies the terms of I.C. §§ 63–602(K) and 604.

The County further asserts that because Roeder was not producing a crop on the subject property on January 1, 1998, the denial of an agricultural exemption was justified. Pursuant to I.C. § 63–602Y, property subject to a change in status must meet the exemption requirements as of the first day of January of the year for which the exemption is sought. Although there was no crop growing on the property on January 1, 1998, Roeder had prepared the land for planting the previous fall in compliance with agricultural practices in order to be ready to plant with the spring rains. Thus, the land qualified as "actively devoted to agriculture."

## IV.

### CONCLUSION

The district court properly determined that IDAPA 35.01.165(04)(d) exceeded the authority granted by the statute, making the regulation unenforceable. We affirm the district court's judgment awarding Roeder an agricultural exemption and allowing recovery of the taxes paid under protest, together with interest.

We award attorney fees to Roeder pursuant to I.C. § 12–117 because we find that the County's action in denying the exemption was without a reasonable basis in fact or law. Costs to Respondent.

Justices SCHROEDER, KIDWELL, EISMANN and HURLBUTT, pro tem, CONCUR.