48 P.3d 1271

**RIVERSIDE DEVELOPMENT COMPANY, an Idaho corporation, Plaintiff–Appellant,**

v.

**Marvin VANDENBERG; Kootenai County Assessor; Dick Compton, Richard C. Panabaker, and Ronald D. Rankin, Kootenai County Commissioners; and State Tax Commission—State of Idaho, Defendants–Respondents.**

No. 26036.

Supreme Court of Idaho, Boise, April 2002 Term.

June 6, 2002.

Craig R. Wise, Coeur d'Alene, for argued for appellant.

Hon. Alan G. Lance, Attorney General; Carl E. Olsson, Deputy Attorney General, Boise, argued for respondent Tax Commission.

Dennis L. Molenaar, Coeur d Alene, appeared for respondents Vandenberg & County Commissioners.

WALTERS, Justice.

This is an appeal from the tax assessments on subdivision lots owned by Riverside Development Company ("RDC") for the years 1996, 1997 and 1998. RDC appeals the Kootenai County Assessor's valuation, arguing that the Assessor should have valued the lots utilizing the wholesale value of the aggregate of the unsold lots. RDC also challenges the Assessor's valuation on the ground that the Assessor failed to consider the actual and functional use of the property. The Board of Equalization, Tax Board and district court upheld the Assessor's valuation. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

In 1991, Riverside Development Company ("RDC") purchased a parcel adjacent to the Spokane River in Post Falls, Idaho, with the plan of developing the land into 463 lots. As of January 1, for each of the assessment years in question, RDC owned 62 lots in 1996, 56 lots in 1997, and 53 lots in 1998. Each lot is unimproved but has been developed with streets, sidewalks and utilities. Each lot has been assigned a lot, block and subdivision description.

In each of the years from 1996 to 1998, RDC filed an appeal with the Board of Equalization ("BOE") contesting the Kootenai County tax assessments on the unsold lots held by RDC. RDC asserts that the Assessor overvalued certain lots for *ad valorem* tax purposes. The Assessor established the *ad valorem* tax assessment for each of the unsold lots by utilizing the lot's retail value. For each tax year in question, the BOE affirmed the Assessor's valuation. For the year 1996, RDC appealed the BOE's decision to the Board of Tax Appeals ("BTA"), who affirmed the decisions of the BOE and the Assessor. The 1996 BTA decision was then appealed to the district court. For the years 1997 and 1998, RDC appealed the BOE's decisions to the district court pursuant to I.C. § 63–511.

On its appeal with the district court, RDC argued that the unsold lots should be valued aggregately using a wholesale valuation rather than individual retail valuation used by the Assessor. Following a court trial, the district court issued its Memorandum Opinion, Findings of Fact and Conclusions of Law and Order upholding the Assessor's valuations for the tax years 1996, 1997 and 1998.

## ISSUE PRESENTED ON APPEAL

**Did the district court err by concluding that the Assessor's valuation for *ad valorem* tax purposes was correct?**

### STANDARD OF REVIEW

Idaho Code § 63–511 allows for a decision from the BOE to be appealed either to the BTA or to the district court. The statute provides that the BTA may receive further evidence. I.C. § 63–511(2). The BTA's decision may then be appealed to the district court. I.C. § 63–3812. The district court then hears and determines any issues raised by the appellant to the BTA without a jury in a trial de novo in the same manner as if it were an original proceeding in district court. I.C. § 63–3812(c). Because I.C. § 63–511 allows for the BOE's decision to be appealed directly to the district court, the district court should entertain and review the BOE's decision in the same fashion as a review under I.C. § 63–3812(c).

■ This Court reviews the district court's determination as follows:

> The value of property for purposes of taxation determined by an assessor is presumed correct, and the burden of proof is on the taxpayer to show by clear and convincing evidence that the taxpayer is entitled to the relief claimed. The Court

will grant a taxpayer relief " 'where the valuation fixed by the assessor is manifestly excessive, fraudulent or oppressive; or arbitrary, capricious and erroneous resulting in discrimination against the taxpayer.' " The Court may reverse or modify if substantial rights of the parties have been prejudiced by administrative findings which violate constitutional or statutory provisions, are in excess of authority, are made upon unlawful procedure, or are clearly erroneous or arbitrary and capricious. Factual determinations are not erroneous when they are supported by competent and substantial evidence even though conflicting evidence exists.

*Greenfield Village Apartments, L.P. v. Ada County,* 130 Idaho 207, 209, 938 P.2d 1245, 1247 (1997) (citations omitted). As to issues of law, this Court exercises free review. *Id.*

## DISCUSSION

### A. Actual and Functional Use

■ Initially, RDC contends that the Tax Commission's administrative rules fail to use the "actual and functional use" standard as required by I.C. § 63–208. However, as pointed out by RDC, the Tax Commission's rules do not list a specific valuation method or standard to be used by assessors. RDC presumes that the Tax Commission is using the "highest and best use" standard when the regulations are silent as to the standard. The Respondents, in their briefing, state that the Assessor considered the actual and functional use in making his assessment of RDC's unsold lots.

Next, RDC contends that the Tax Commission refused to comply with state law under the misguided perception that developers are getting a tax break when the proper valuation is used. RDC argues that the valuation by the Assessor ignores the actual and functional use of the property by RDC as required by I.C. § 63–208. RDC's interpretation of "functional" is what the property is meant for or intended to be; RDC asserts that the actual and functional use of the property is as an "inventory" for future sales. The Respondents assert that the Assessor determined that the actual and functional use

of the lots held by RDC was as single-family residential lots. The Respondents further point out that the actual and functional use is the same as the highest and best use in this instance.

Idaho Code § 63–208 provides, in part:

(1) It shall be the duty of the state tax commission to prepare and distribute to each county assessor and the county commissioners within the state of Idaho, rules prescribing and directing the manner in which market value for assessment purposes is to be determined for the purpose of taxation. The rules promulgated by the state tax commission shall require each assessor to find market value for assessment purposes of all property, except that expressly exempt under chapter 6, title 63, Idaho Code, within his county according to recognized appraisal methods and techniques as set forth by the state tax commission; provided, that the actual and functional use shall be a major consideration when determining market value for assessment purposes.

The Tax Commission's rules list three approaches to determine the market value of property: market approach, cost approach and income approach. IDAPA 35.01.03.204.02. Idaho Code § 63–208 requires assessors to consider the actual and functional use when determining market value. Although the Tax Commission rules do not specifically state that assessors must consider the actual and functional use, the rules do not suggest that any other standards, such as highest and best use, are to be considered.

In this case, the record shows that the actual and functional use of RDC's lots was considered by the Assessor. The district court found that the actual and functional use of the lots held by RDC was as single-family residential lots. The district court's finding is supported by substantial, competent evidence in the record. This Court will defer to the findings of fact made by the district court where the findings are supported by substantial, competent evidence. *See Greenfield Vil-*

*lage Apartments,* 130 Idaho at 209, 938 P.2d at 1247.

## B. Ad Valorem Tax Valuation

■ The thrust of RDC's appeal is that the Kootenai County Assessor overvalued its lots for *ad valorem* tax purposes. To support this contention, RDC submitted appraisals by Mr. Morse estimating the market value of the lots. These appraisals calculated the market value by the market approach, also known as the comparable sales or sales comparison approach, and by the income approach, sometimes referred to as the subdivision development or developer's discount approach. The comparable sales approach values the property by looking to the market value of similar properties to determine the market value of the property being appraised. The subdivision development approach determines the retail value of the individual lots by adding the lot values together and reducing that total by expenses for costs associated with holding and selling (both direct and indirect costs such as taxes, marketing costs, broker costs, etc.) and a reasonable amount of profit to the developer.

The Respondents argue that there are many flaws with RDC's assessment using the comparable sales method or the subdivision development approach to value RDC's lots. The Respondents' main concern with both methods is that each focuses upon multi-lot or bulk sales rather than individual lot sales, when in actuality RDC sells the lots individually and not in multi-lot parcels. Additionally, the Respondents submit that RDC's lots should not be assessed at a different value merely because the lots are held by a developer for future sales.

Although RDC contends that Mr. Morse's assessment of the property is more accurate than the Assessor's valuation, this Court reviews valuations fixed by an assessor from the standpoint of determining whether they are "manifestly excessive, fraudulent or oppressive; or arbitrary, capricious and erroneous resulting in discrimination against the taxpayer." *Greenfield Village Apartments,* 130 Idaho at 209, 938 P.2d at 1247 (quoting

*Merris v. Ada County,* 100 Idaho 59, 64, 593 P.2d 394, 399 (1979)). Further, Idaho law provides that "[t]he value of property for purposes of taxation determined by an assessor is presumed correct, and the burden of proof is on the taxpayer to show by clear and convincing evidence that the taxpayer is entitled to the relief claimed." *Greenfield Village Apartments,* 130 Idaho at 209, 938 P.2d at 1247 (quoting *Merris v. Ada County,* 100 Idaho 59, 64, 593 P.2d 394, 399 (1979)).

For each tax year in question, the Assessor established the *ad valorem* tax assessment for each of the unsold lots by determining the market value of the unsold lots by using the comparable lots' retail values. Market value is defined by IDAPA 35.01.03.204.01 as "the most probable amount of United States dollars or equivalent for which a property would exchange hands between a knowledgeable and willing seller, under no compulsion to sell, and an informed, capable buyer, under no compulsion to buy, with a reasonable time allowed to consummate the sale, substantiated by a reasonable down or full cash payment." The Assessor is to value the full market value of property for taxation. IDAPA 35.01.03.204.01(a).

The district court found that RDC's unsold lots were indistinguishable from the other lots in the development. The Assessor looked at the retail values of comparable lots in the subdivision to determine the market value of the unsold lots. Although Mr. Morse provided additional methods of valuation, the district court concluded that RDC failed to present clear and convincing evidence to show that the valuation utilized by the Assessor was incorrect. As a corollary, we hold that RDC has not shown that the valuation by the Assessor prejudiced substantial rights of the parties "by administrative findings which violate constitutional or statutory provisions, are in excess of authority, are made upon unlawful procedure, or are clearly erroneous or arbitrary and capricious." *Greenfield Village Apartments,* 130 Idaho at 209, 938 P.2d at 1247. This Court agrees with the district court and affirms the Assessor's valuation of RDC's unsold lots.

## CONCLUSION

The *ad valorem* tax valuations of RDC's unsold lots made by the Assessor for the years 1996, 1997 and 1998 are affirmed. Costs are awarded to the Respondents. No attorney fees are awarded.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, concur.