106 P.3d 419

**Matthew and Melissa CASTRIGNO, Husband and Wife, Plaintiffs–Appellants,**

v.

**Robert H. McQUADE and Ada County Board Of Equalization and Ada County, Defendants–Respondents.**

No. 30051.

Supreme Court of Idaho, Boise, November 2004 Term.

Jan. 28, 2005.

Holland & Thiel, P.C., Boise, for appellants. W. John Thiel argued.

Greg H. Bower, Ada County Prosecuting Attorney, Boise, for respondents. Ray J. Chacko argued.

TROUT, Justice.

Matthew and Melissa Castrigno brought this action against Ada County seeking a property tax refund, arguing, among other things, that the 2001 assessment notice they received from the Ada County Assessor was defective under Idaho law and denied them procedural due process. The trial court granted summary judgment for Ada County from which the Castrignos now appeal. Because we agree with the district judge that the Castrignos failed to exhaust administrative remedies, we affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2000, the Castrignos owned a 5.626 acre lot in Eagle, Idaho, which had an assessed value, according to the Ada County Assessor, of $120,000. During 2001, the Castrignos built a 9,428 square foot home (the Residence) on the lot, with Matthew Castrigno acting as the general contractor. On September 10, 2001, the Castrignos sent the Ada County Assessor's office a Notice of Occupancy, informing Ada County they had moved into their home as of that date. In response, on November 2, 2001, the Assessor's office sent the Castrignos notice that they would be assessed an occupancy tax based on the value of improvements constructed during 2001.

On December 24, 2001, the Assessor sent Castrignos the 2001 assessment notice for the property, stating the assessed market value was $290,400 for the residential im-

provement and the estimated taxes for 2001 were $2,986.54. The assessment notice also stated the value of the unimproved land was $120,000 in 2000 and noted that the 2000 tax was $1,490.78. Although it is not reflected on the assessment notice, the improvements were actually assessed at a total value of $1,039,300 based upon a full year's occupancy. That value was then prorated to reflect 102 days of occupancy in 2001, resulting in the value on the assessment notice of $290,400. Nowhere on the assessment notice does it indicate this is a prorated value. As a result, the Castrignos claim they understood this amount to represent the total assessed value of the lot and improvements for a full year. The assessment notice also indicated that the Castrignos had until January 25, 2002, within which to appeal any dispute about the assessed value. The Castrignos did not appeal the assessment.

After the time to appeal had passed, the Castrignos received their tax bill for 2001. Although the listed tax of $2,906.60 was consistent with the assessment notice, the Castrignos discovered that the total assessed value was actually $1,039,300, based on a full year's assessed value. The Castrignos paid the tax for 2001, but on March 4, 2002, they contacted the Ada County Board of Equalization (BOE) regarding the assessed value of their property and were referred to the County Assessor.

Robert McQuade, the Ada County Assessor, met with the Castrignos and heard their complaint. McQuade then ordered the property to be reassessed and allowed the Castrignos to choose the appraiser to do such an assessment. In March 2002, the appraiser appraised the improvement's value at $750,000, including the unimproved property. After taking the new appraisal into consideration, the Ada County Assessor set the value of the Castrignos' improvements at $675,100, with a $175,000 value assessed for the unimproved land, for a total assessed value of $800,100. Based on the prorated value for occupancy tax purposes, the Castrignos were refunded the difference in the prorated tax assessments: $1,259.70. They did not appeal this new 2001 assessment or the newly reduced occupancy tax.

Instead, the Castrignos filed suit on August 28, 2002, claiming the original 2001 assessment notice failed to notify them of the full-assessed value of their property before the time expired within which to challenge the assessed value and thus, denied them due process. They sought a tax refund, requesting the court to compute their tax using as the total market value for 2001 the $290,400 amount shown on the December 2001 assessment notice, and then prorating their occupancy tax from that amount. Ada County answered and both parties served cross-motions for summary judgment soon thereafter.

The district judge granted Ada County's motion, finding that the court lacked subject matter jurisdiction because the Castrignos had failed to exhaust their administrative remedies by failing to timely appeal the original assessment to the BOE under I.C. § 63–317(4). The court noted that the equitable doctrines of "unclean hands, equitable estoppel, and quasi-estoppel" were not available to the Castrignos to excuse their failure to exhaust administrative remedies. The court also determined that even if it had jurisdiction to hear the contest, it would find that Ada County had complied with the statutory requirements regarding calculation of the tax and providing notice, and had properly applied them to the calculation of the Castrignos' occupancy tax. The Castrignos timely filed this appeal.

## II.

## STANDARD OF REVIEW

When the Supreme Court reviews the district court's ruling on a motion for summary judgment, it employs the same standard employed by the district court when originally ruling on the motion. *Farmers Ins. Co. v. Talbot,* 133 Idaho 428, 431, 987 P.2d 1043, 1046 (1999) (citing *Smith v. Meridian Joint Sch. Dist. No. 2,* 128 Idaho 714, 718, 918 P.2d 583, 587 (1996)). Summary judgment is appropriate when "the pleadings, depositions, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).

Further, the construction and application of a legislative act are pure questions of law as to which the Court exercises free review. *Idaho State Ins. Fund v. Van Tine,* 132 Idaho 902, 980 P.2d 566 (1999).

 The valuation placed on property by the Assessor for tax purposes is presumed to be correct. *Greenfield Vill. Apartments, L.P. v. Ada County,* 130 Idaho 207, 209, 938 P.2d 1245, 1247 (1997). Therefore, the burden of proof lies with the party challenging the assessment to show by clear and convincing evidence that he is entitled to relief. *Id.* Clear and convincing evidence refers to "a degree of proof greater than a mere preponderance." *Matter of Jenkins,* 120 Idaho 379, 383, 816 P.2d 335, 339 (1991) (citing *Molyneux v. Twin Falls Canal Co.,* 54 Idaho 619, 35 P.2d 651 (1934)). Relief can be granted only if the Assessor's valuation is "manifestly excessive, fraudulent or oppressive; or arbitrary, capricious and erroneous." *Greenfield Vill. Apartments,* 130 Idaho at 209, 938 P.2d at 1247 (citing *Merris v. Ada County,* 100 Idaho 59, 64, 593 P.2d 394, 399 (1979)).

## III.

## ANALYSIS

The basis of the Castrignos' claim is that Ada County made an improper assessment of the improvements on their real property for tax year 2001 and then failed to properly notify them of the actual full-year true appraised value of their property so they could determine whether to appeal the appraisal to the BOE. Although the Castrignos try to characterize their claims in terms of a defective tax assessment notice, the action is in substance a request for judicial relief from the Ada County Assessor's decision determining the Castrignos' occupancy tax liability. As such, I.C. § 63–317(4) mandates the exclusive method for attacking the Ada County Assessor's valuation—to appeal to the Board of Equalization and follow the procedure provided for such appeals. *See also* I.C. § 63–501 *et seq.*

### A. The District Court Lacked Jurisdiction

This Court has previously held that Idaho statutes providing a remedy against an ex-cessive, erroneous or improper assessment of property by county officials constitute the exclusive method for contesting an assessment. *See Washburn–Wilson Seed Co. v. Jerome County,* 65 Idaho 1, 138 P.2d 978 (1943). The Court wrote:

> It is a well settled rule of law that statutory remedies of this nature are exclusive and that a taxpayer may not maintain an action against a county for a general money judgment for the amount of taxes erroneously or illegally exacted, where the tax is not absolutely void.

*Id.* at 8, 138 P.2d at 981 (*cited with approval in Fairway Dev. Co. v. Bannock County,* 119 Idaho 121, 804 P.2d 294, 299 (1990)). Likewise, in *Fairway Development,* the Court once again made it clear that pursuit of statutory administrative remedies in tax assessment complaints is a condition precedent to judicial review. *Fairway Development,* 119 Idaho at 124, 804 P.2d at 297.

 The Castrignos argue that *Washburn–Wilson* and *Fairway Development* do not apply to this case because those decisions dealt with appeals regarding excessive assessments instead of an allegation of impropriety regarding an assessment notice. They point out that the appellants in those cases simply failed to make use of the administrative process, while in this particular case the Castrignos argue they were denied the ability to make use of the administrative process because of a defective notice which did not adequately apprise them of the actual appraised value—a factual difference they argue should lead to an exception to the rule. However, it is important to note the nature of the Castrignos' claims. They are asking the courts to act as the BOE and determine the Castrignos' correct tax liability and issue a tax refund in the absence of a prior administrative adjudication. The Castrignos cite no authority for the proposition that a district court has jurisdiction to decide the merits of an excessive assessment case without having exhausted administrative remedies. As stated above, in tax assessment cases, a court "does not acquire subject matter jurisdiction until all the administrative remedies have been exhausted." *Fairway Develop-*

*ment,* 119 Idaho at 125, 804 P.2d at 298; *See also,* I.C. § 67–5271(1).

■ Moreover, even if this Court were to ignore the Castrignos failure to appeal the original assessment notice, it is clear they were given an additional opportunity to get a newly assessed value through the Assessor's office—the sole right to which they would have been entitled had they filed a timely appeal. And again, they failed to take any further action before the BOE to challenge the re-assessed value. As noted above, the Ada County Assessor personally met with the Castrignos to hear and work through their concerns, and recommended that the property assessment be lowered for 2001. As a result, the assessed value was in fact, lowered from $1,039,300 to $675,100 on March 26, 2002, giving the Castrignos a tax refund of $1,259.70 (reflecting a new prorated Residence value of $189,000 instead of $290,400). This is in addition to the fact that Ada County allowed re-appraisal of the residence, allowed the Castrignos to choose their own appraiser, and allowed Matthew Castrigno to be both actively involved in the re-appraisal process, as well as participate in discussions regarding the results of the re-appraisal. At this stage, the Castrignos had obtained all of the rights to which they were entitled even if they had filed a timely appeal. Thereafter, they failed to take further action to challenge the re-assessed value with the BOE and failed to exhaust any further administrative remedies.

The Castrignos argue there have been exceptions to the general rule of exhaustion of administrative remedies that the Court should apply in this case. First, they cite an Idaho Supreme Court case where certain intervening taxpayers were awarded a sales tax refund even though they failed to make a claim for the refund in the manner prescribed by the State Tax Commission. *See Ware v. Idaho State Tax Comm'n,* 98 Idaho 477, 567 P.2d 423 (1977). However, *Ware* is distinguishable from the case at bar based on key factual differences. In *Ware,* the Court never analyzed whether certain failures by the Tax Commission in providing the mechanics for the plaintiffs to receive a proper tax refund was an adequate basis for the

Court to excuse the plaintiffs' failure to exhaust administrative remedies. In fact, the exhaustion doctrine was never an issue, as it appears the taxpayers in that case had complied with the applicable appellate procedures. Instead, *Ware* dealt with the issue of whether an agency should be estopped from claiming that a taxpayer's failure to use the prescribed process for requesting a tax refund precludes the ability to receive such a refund when the agency itself had clearly failed to fulfill its statutory obligation of providing the mechanics of making an application and also "overtly represented the law as being other than it actually was." *Ware,* 98 Idaho at 483, 567 P.2d at 429. In such circumstances, the Court found that the Tax Commission's "requirement of filing a claim for the refund was the requirement of a useless and futile act," and thus the right of the taxpayer in receiving a refund should not be prejudiced by the course of illegal conduct followed by the Commission. *Id.*

Further, the Castrignos argue the exceptions to the exhaustion doctrine set forth in *Fairway Development* are applicable to their appeal. This Court in *Fairway Development* acknowledged that the general rule that administrative remedies must be exhausted before a district court will acquire subject matter jurisdiction to hear a case, has been deviated from in certain cases. The Court stated:

> In relaxing the doctrine of exhaustion, this Court held that the rule will be departed from under certain circumstances, first, where the interests of justice so require and secondly, where the agency acts outside its authority.

*Fairway Dev.,* 119 Idaho at 125, 804 P.2d at 298 (citing *Grever v. Idaho Tel. Co.,* 94 Idaho 900, 903, 499 P.2d 1256, 1259 (1972)). Neither of these exceptions is helpful to the Castrignos.

■ First, the interests of justice, under the facts of this case, do not require a finding that the Castrignos should be excused for their failure to timely appeal their assessment and tax liability to the BOE as statutorily prescribed. It is clear the assessment notice, at the very least, provided the Castrignos with the estimated tax owed for 2001

and clearly advised them of their right to appeal. However, the Castrignos contend they were unaware of the proration issue until after the January 25, 2002, appeal deadline had passed. They claim they did not realize the $290,400 assessment of the Residence on the assessment notice was a prorated amount until they received the tax bill in February of 2002. They also claimed below that a desk clerk at the Assessor's office told Matthew Castrigno that the $290,400 assessed value represented a "full value" assessment, and when the Castrignos later received their assessment notice, they were satisfied with what they perceived to be a low full year's valuation of their residence.

The Castrignos' position is untenable. There is no way the Castrignos could honestly believe the fair market value of the Residence for the full year was only $290,400, given the fact that the Residence was newly constructed at the time and consisted of approximately 9,428 square feet and contained 11 rooms, 4 bedrooms, 5.5 bathrooms, 2 fireplaces, a basement, plus a 994 square foot three-car garage. Further, Matthew Castrigno, who has experience in real estate development, acted as the general contractor and as such, should have been well aware that the market value of the Residence was significantly higher than $290,400, particularly since the bare lot itself was valued the previous year at $120,000.

Despite this alleged gross undervaluation, the Castrignos did not contact the proper authorities to point out that they were receiving a windfall at the expense of all other Ada County taxpayers. In addition, if the Castrignos truly believed the full market value of the Residence was $290,400, they should have found the estimated tax listed on the assessment notice of $2,986.54 to be too high. I.C. § 63–317 clearly requires the occupancy tax to be prorated for the portion of the year for which the structure was occupied. If the full value of the improvements were $290,400, the estimated prorated tax would have been much lower.

There is also no indication that the agency here, the Ada County Assessor, acted outside its authority. We agree, therefore, that the district court was without jurisdiction to hear the Castrignos' claim because they did not exhaust available administrative remedies and there is no exception applicable that would excuse their failure to do so.

### B. Adequacy and Legality of the Tax Assessment Notice

The central component of the Castrignos' argument on appeal is that Ada County violated Idaho law by including a prorated valuation of their property on the assessment notice. We will not address the merits of this argument since it has been determined the Castrignos have repeatedly failed to make use of the administrative process in contesting their assessment and, therefore, there is no jurisdiction to consider their due process claim.

### C. Attorney Fees on Appeal

█ Respondent Ada County requests attorney fees pursuant to Idaho Code §§ 12–117 and 12–121, arguing the Castrignos have frivolously pursued this appeal without a reasonable basis in fact or law. They also point out that on appeal the Castrignos have continued to rely on the same arguments used in front of the district court, without providing any additional persuasive law or bringing into doubt the existing law on which the district court based its decision. Although the Castrignos may have had a good faith basis to bring the original suit based on their interpretation of Idaho law, the Castrignos were very clearly aware of the statutory procedures, failed to appeal separate appraisals when they had a right to appeal, and were clearly advised on the applicable law in an articulate and well reasoned written decision from the district court. Nevertheless, the Castrignos chose to further appeal that decision to this Court, even though they failed to add any new analysis or authority to the issues raised below. Accordingly, it was frivolous and unreasonable to make a continued argument, and Ada County is awarded its reasonable attorney fees.

### IV.

### CONCLUSION

The Castrignos failed to appeal either their original 2001 assessment or the re-assessed

valuation to the BOE within the proper statutory timeframe and have failed to provide an adequate basis upon which to excuse their failure to exhaust administrative remedies. The district court was correct that it lacked subject matter jurisdiction over the Castrignos' claims. The decision of the district court granting summary judgment to Ada County is, therefore, affirmed. We award attorney fees and costs on appeal to Ada County.

Chief Justice SCHROEDER and Justices KIDWELL, EISMANN and BURDICK concur.