132 P.3d 438

**BRANDON BAY, LIMITED PARTNER-SHIP, an Idaho partnership, Plaintiff–Respondent,**

v.

**PAYETTE COUNTY, Idaho, and Robert Mackenzie, Payette County Tax Assessor, Defendants–Appellants.**

**Kenmare Trace, Limited Partnership, an Idaho limited partnership, Plaintiff–Respondent,**

v.

**Payette County, Idaho and Robert Mackenzie, Payette County Tax Assessor, Defendants–Appellants.**

No. 31910.

Supreme Court of Idaho, Boise, February 2006 Term.

March 21, 2006.

Valencia J. Bilyeu, Boise, for appellants.

Penland, Munther & Goodrum, Chtd., Boise, for respondent. Forrest R. Goodrum argued.

TROUT, Justice.

This dispute centers on the real property valuations of Brandon Bay and Kenmare Trace, two low-income apartment developments located in Payette County, operating under the provisions of the federal Low–Income Housing Tax Credit program (LIHTC). The principal issue in this case is whether the tax credits allocated under the LIHTC should be included in the real property assessment of the apartments for taxation purposes. Appellants Payette County and Robert Mackenzie, the Payette County Assessor, (collectively, Payette) are before this Court on a permissive interlocutory appeal from a district court decision granting partial summary judgment to Brandon Bay, LP and Kenmare Trace, LP (collectively, Partnerships), the owners of the apartment complexes, concluding the tax credits cannot be considered when valuing the real property.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The Partnerships each entered into an agreement with the Idaho Housing and Finance Association (IHFA), pursuant to § 42 of the Internal Revenue Code (26 U.S.C. § 42), to develop low-income apartment complexes in Payette County. Pursuant to the agreements, a designated portion of the apartment complexes may only be rented to low-income persons who pay a reduced rental rate. In exchange for investing in the low-

income housing, the Partnerships are allocated an annual tax credit against federal income tax liability for a period of ten years. The Partnerships claim these tax credits on their limited partnership's tax returns and may apply the credits to tax liability unrelated to the low-income housing projects for which the credits were awarded.

In assessing the low-income apartment complexes for ad valorem tax purposes, Payette considered both the reduced rental payments as well as the value of the tax credits allocated to each property. The Partnerships objected, arguing that although the reduced rents should be considered, the tax credits should not be included in the valuation of the real property. The Board of Tax Appeals disagreed with the Partnerships, affirming Payette's decision to utilize the § 42 tax credits in assessing the apartment complexes. The Partnerships then appealed to the district court, this time arguing the tax credits were simply a contract right and, therefore, were specifically excluded by statute from consideration in assessing the low-income housing. The district court granted the Partnerships' motion for partial summary judgment, agreeing the tax credits were a contract right and therefore excluded from consideration in the assessment. Payette was then granted permission to file this interlocutory appeal.

## II.

### STANDARD OF REVIEW

■ Idaho Code § 63–3812(c) provides: Appeals [from the board of tax appeals] may be based upon any issue presented by the appellant to the board of tax appeals and shall be heard and determined by the court without a jury in a trial de novo on the issues in the same manner as though it were an original proceeding in that court. When this Court reviews a district court decision after the district court has conducted a trial de novo pursuant to I.C. § 63–3812(c), this Court will not review the record independently of the district court's appellate decision. *Ada County Bd. of Equalization v. Highlands, Inc.*, 141 Idaho 202, 108 P.3d 349 (2005).

■ In an appeal from an order granting summary judgment, this Court's standard of review is the same as the standard used by the district court in ruling on a motion for summary judgment. *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho 527, 887 P.2d 1034 (1994). Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* at 529, 887 P.2d at 1036.

■ "The determination of the meaning of a statute and its application is a matter of law over which this [C]ourt exercises free review." *Woodburn v. Manco Prods., Inc.*, 137 Idaho 502, 504, 50 P.3d 997, 999 (2002). "Where the language of the statute is clear and unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature." *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001). Administrative rules are subject to the same principles of statutory construction as statutes. *Mason v. Donnelly Club*, 135 Idaho 581, 21 P.3d 903 (2001).

## III.

### ANALYSIS

#### A. Valuation of real property

■ The Partnerships claim, and the district court agreed, that the § 42 tax credits fall under the definition of "contract rights," a type of exempt "intangible personal property," which IDAPA 35.01.03.615.02 expressly excludes from consideration in the valuation of real property. "Contracts and contract rights" are defined by the Idaho Tax Commission as "enforceable agreements, which establish mutual rights and responsibilities, and rights *created* under such agreements." IDAPA 35.01.03.615.01(a) (emphasis added). Under the plain language of the rule, a contract right by definition, must be *created* under the contract.

The State, however, has no power to create a federal tax credit and, therefore, such a

credit cannot be created by a contract between a State agency and the taxpayer. The authority for creating and imposing federal taxes is vested in Congress. The tax credits are *created* by Congress in § 42 of the Internal Revenue Code. While it is necessary for IHFA and the developer to enter into a written agreement setting forth the low-income housing requirements and the allocation of the tax credits, this agreement does not create the credits. Instead, it is simply the vehicle through which the developer is able to claim the credits on a federal tax return. Section 42 tax credits are not a contract right exempt from consideration in the valuation of real property.

The tax credits are better characterized as "rights and privileges" belonging to the land under the definition of "real property" in I.C. § 63–201(18), as they do not exist separate from an ownership right in the low-income housing. For example, if the developer originally qualifying for the tax credits sells the property, the purchaser assumes the tax position of the seller: "a purchaser of credit-worthy property steps into the seller's shoes with respect to the unused credits." 26 U.S.C. § 42(d)(7). Moreover, the tax credits are only received if the owner continues to comply with the requirements for the low-income housing project as set forth in the agreement with the IHFA and governed by 26 U.S.C. § 42. Even *after* a taxpayer has used all of the tax credits, if the owner fails to comply with the low-income housing restrictions during the remaining duration of the compliance period, the IRS can recapture the credits. 26 U.S.C. § 42(j)(1).

Because the tax credits are rights and privileges that directly relate to the real estate, they are properly considered in assessing the value of low-income housing. The Idaho Code requires that real property is assessed using its market value. Market value is defined as the amount of money that would exchange hands between a willing seller, under no compulsion to sell, and an informed capable buyer with a reasonable time to consummate the sale. I.C. § 63–201(10). Market value, by definition, captures all benefits flowing from the property. Federal low-income housing tax credits are unques-tionably part of the stream of benefits that flow from the property. As a practical matter, the tax credits can be considered equivalent to income.

This Court in *Greenfield Vill. Apartments, L.P. v. Ada County,* 130 Idaho 207, 938 P.2d 1245, held that when assessing a § 42 low-income housing project, a tax assessor must take into consideration the rent-restricted use of the property as required by former I.C. § 63–202, which requires the "actual and functional use" of property to be taken into consideration when assessing the land. 130 Idaho at 211, 938 P.2d at 1249. Payette properly valued the property using the reduced rental rates. If only the reduced rents are considered, however, the value of the land will be artificially depressed and its true market value distorted. Just as it would be inequitable to assess the property based upon full market rental value, because the owners are limited in what they can charge for rent, similarly, it would be inequitable to exclude the value derived from the tax credits, which is acquired by the developer in direct exchange for charging below-market rents. We reverse the district court decision granting partial summary judgment to the Partnerships and hold that in order to accurately assess the true market value of low-income housing property, the value of the § 42 tax credits must be considered.

Other issues were raised on appeal by Payette that this Court need not address given our resolution of this case.

## B. Attorney Fees

 Both parties request attorney fees on appeal pursuant to I.C. §§ 12–117 and 12–121. Payette also requests fees below, arguing the Partnerships have frivolously pursued this case with no basis in fact or law. The Partnerships are not entitled to attorney fees on appeal because they are not the prevailing party. And, while we disagree with the Partnerships' argument that tax credits should not be included in the valuation of real property, that issue has not previously been resolved by this Court and, therefore, the Partnerships' argument was not frivolous. Payette's request for attorney fees below and on appeal is denied.

## IV.

### CONCLUSION

We reverse the district court decision granting partial summary judgment in favor of the Partnerships. When determining the market value of low-income housing developments, the value of § 42 tax credits should be included in the assessment. We award costs on appeal to Payette.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.