57 P.3d 763

In the Matter of the Appeal of Troy G. and Linda M. Mitchell from the order of the Board of Equalization of Nez Perce County Dated 7–7–00 and the Appeal of Troy G. and Linda M. Mitchell from the Idaho Board of Tax Appeals Decision in Appeal No. 00–A–2082.

TROY G. and Linda M. Mitchell, Petitioners–Appellants,

v.

BOARD OF EQUALIZATION OF NEZ PERCE COUNTY, Respondent.

No. 27777.

Supreme Court of Idaho, Lewiston, October 2002 Term.

Oct. 23, 2002.

Troy G. and Linda M. Mitchell, Lewiston, pro se. Troy G. Mitchell argued.

Hugh G. Jacobs, Nez Perce County Prosecuting Attorney, Lewiston, for respondent.

EISMANN, Justice.

This is an appeal from a property tax assessment. The district court upheld the assessment, and we affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

The appellants Troy and Linda Mitchell own a single-family residence located on 4.79

acres in Lewiston, Nez Perce County, Idaho. For the 2000 taxable year, the county assessor increased the value of their residence to $189,548, an increase of about 13%. The Mitchells appealed that assessment to the Nez Perce County Board of Equalization. The Board held an evidentiary hearing on June 27, 2000, at which Mr. Mitchell testified, but did not offer evidence of an alternative valuation. On July 7, 2000, the Board issued an order upholding the assessor's valuation.

On August 8, 2000, the Mitchells then appealed to the Board of Tax Appeals, which is permitted to receive further evidence on the appeal. IDAHO CODE § 63–511(2) (2000). In their notice of appeal, the Mitchells stated that they were unable to determine the value of their property. The Board of Tax Appeals held an evidentiary hearing on October 4, 2000, and on March 7, 2001, it issued its findings of fact, conclusions of law, and order upholding the decision of the county board of equalization. The Mitchells then appealed to the district court, which determines such appeals in a trial de novo without a jury. IDAHO CODE § 63–3812(c) (2000).

Neither party offered evidence before the district court. The Mitchells did not challenge the assessed value of their residence. Instead they challenged the methodology used by the assessor to value real property. Both parties submitted briefs regarding the issues raised by the Mitchells, and on September 5, 2001, the district court issued its memorandum decision holding that the Mitchells had failed to show that the assessment of their property was incorrect. The Mitchells then filed this appeal.

## II. ANALYSIS

■ The county assessor's valuation of property for purposes of taxation is presumed correct, and the burden of proof is on the taxpayer to show by clear and convincing evidence that the taxpayer is entitled to the relief claimed. *Roeder Holdings, L.L.C. v. Board of Equalization of Ada County,* 136 Idaho 809, 41 P.3d 237 (2002). The Mitchells did not offer any evidence before the district court regarding the value of their residence, and on appeal they do not contend that the assessor's value is incorrect. Rather, the Mitchells argue that neither they nor the assessor can know the fair market value of

their residence without knowing the sales price of every parcel of real property sold in Nez Perce County. Idaho law does not require that all persons who sell or purchase real property must disclose the sale price to the county assessor. Thus, the Mitchells contend that without a law requiring that all real property sales prices be disclosed to the tax assessor, the property tax assessment law is unconstitutional.

The county assessor must value property according to the rules adopted by the State Tax Commission. IDAHO CODE § 63–208 (2000). Rule 217 of the Property Tax Administrative Rules adopted by the Tax Commission defines "market value" as follows:

Market value is the most probable amount of United States dollars or equivalent for which a property would exchange hands between a knowledgeable and willing seller, under no compulsion to sell, and an informed, capable buyer, under no compulsion to buy, with a reasonable time allowed to consummate the sale, substantiated by a reasonable down or full cash payment.

IDAPA 35.01.03.217.01. Rule 217 also provides that when assessing real property, the assessor shall consider the sales comparison approach, the cost approach, and the income approach. IDAPA 35.01.03.217.02.

■ In order to apply the sales approach, it is not necessary that the assessor know the sales price of every parcel of real property sold within the county. *Title & Trust Company (Idaho Title Co.) v. Board of Equalization, Ada County,* 94 Idaho 270, 486 P.2d 281 (1971) (upholding assessor's valuation based upon examination of at least three to five, and in some cases up to forty, sales of real property in 300 of the 850 subdivisions in the county). Although the assessor's valuation might be more accurate if its database of sales included all properties sold within the county, the Mitchells have simply not shown that the Nez Perce County Assessor lacked sufficient information to make a reasonably accurate assessment of their residence based upon the database it had. Comparable sales are only one factor to consider. For a residential property, the assessor must also consider the cost approach to valuation. Fur-

thermore, valuation is simply a matter of opinion. Even if all sale prices were known, there could be differences of opinion regarding the value of a particular parcel of real property.

The Mitchells also challenge the manner in which the Nez Perce County Assessor calculated the assessment ratios under Idaho Code § 63–315. Based upon a report from statistician Dr. Edward Miller, the Mitchells argue that sold properties are undervalued by the Nez Perce County Assessor. Although the Mitchells attached a copy of Dr. Miller's report to their brief, they did not offer any evidence on this issue in the district court, and the district court did not address it in its decision. It is not enough merely to challenge the method of assessment. *Title & Trust Company (Idaho Title Co.) v. Board of Equalization, Ada County*, 94 Idaho 270, 486 P.2d 281 (1971). A taxpayer must show that the valuation fixed by the assessor was manifestly excessive, fraudulent or oppressive; or arbitrary, capricious and erroneous resulting in discrimination against the taxpayer. *Id.* The district court did not err in holding that the Mitchells had failed to make the requisite showing regarding the valuation of their residence.

### III. CONCLUSION

We affirm the judgment of the district court. Costs on appeal are awarded to the respondent.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS and KIDWELL concur.