693 P.2d 1046

**John BONE, Plaintiff-Respondent,**

v.

**CITY OF LEWISTON, Gene Mueller, James Havelin, Marion Shinn, Leonard Williams, Peg Haas-James Douglass "Pat" MacKelvie, and Marlene Schaefer, Defendants-Appellants.**

No. 15002.

Supreme Court of Idaho.

Dec. 10, 1984.

Edwin Lee Litteneker, Lewiston, for defendants-appellants.

Jerry V. Smith of Smith & Cannon, Lewiston, for plaintiff-respondent.

BISTLINE, Justice.

## HISTORY

On February 9, 1982, Mr. John Bone filed an application with the City of Lewiston Planning and Zoning Commission requesting that his land be rezoned from a low-density residential use to a limited commercial use. The City's land use plan map

shows Mr. Bone's land as being zoned for commercial use.

The Commission recommended to the City Council that Mr. Bone's request be denied for the following reasons: (1) The uses allowed in the zoning classification Mr. Bone seeks would not be compatible with the established low-density residential uses of the various properties bordering Mr. Bone's land; and (2) Lewiston has an over-abundance of unused commercial properties. No need presently exists for further classification of property for commercial use. The City Council, without adopting any findings of fact and conclusions of law, agreed with the Commission's recommendation and denied Mr. Bone's application.

Mr. Bone subsequently filed suit in district court against the City, requesting declaratory relief and a writ of mandamus forcing the City to enact a zoning ordinance in conformity with its comprehensive plan pursuant to I.C. § 67–6511.[1] The City moved to limit review of the City Council's action to the Administrative Procedures Act provisions of I.C. § 67–5215(b–g).[2]

---

1. I.C. § 67–6511 reads in part as follows:

**67–6511. Zoning ordinance.**—Each governing board shall, by ordinance adopted, amended, or repealed in accordance with the notice and hearing procedures provided under section 67–6509, Idaho Code, establish within its jurisdiction one (1) or more zones or zoning districts where appropriate. The zoning districts *shall be in accordance* with the adopted plan.

Within a zoning district, the governing board shall where appropriate establish standards to regulate and restrict the height, number of stories, size, construction, reconstruction, alteration, repair or use of buildings and structures; percentage of lot occupancy, size of courts, yards, and open spaces; density of population; and the location and use of buildings and structures. All standards shall be uniform for each class or kind of buildings throughout each district, but the standards in one (1) district may differ from those in another district.

Ordinances establishing zoning districts shall be amended as follows:

(a) Requests for an amendment to the zoning ordinance shall be submitted to the zoning or planning and zoning commission which shall evaluate the request to determine the extent and nature of the amendment requested.

(b) If the request is in accordance with the adopted plan, the zoning or planning and zoning commission *may recommend and the governing board may adopt or reject the ordinance amendment* under the notice and hearing procedures provided in section 67–6509, Idaho Code, provided that in the case of a zoning district boundary change, additional notice shall be provided by mail to property owners and residents within the land being considered; three hundred (300) feet of the external boundaries of the land being considered; and any additional area that may be impacted by the proposed change as determined by the commission. When notice is required to two hundred (200) or more property owners or residents, alternate forms or procedures which would provide adequate notice may be provided by local ordinance in lieu of mailed notice.

(c) If the request is not in accordance with the adopted plan, the request shall be submitted to the planning or planning and zoning commission or, in absence of a commission, the governing board, which shall recommend and the governing board may adopt or reject an amendment to the plan under the notice and hearing procedures provided in section 67–6509, Idaho Code. After the plan has been amended, the zoning ordinance may then be amended as provided for under section 67–6511(b), Idaho Code.
(Emphasis added.)

2. I.C. § 67–5215(b–g) reads as follows:

(b) Except when otherwise provided by law, proceedings for review are instituted by filing a petition in the district court of either the county in which the hearing was had or the county in which the final decision of the agency was made, within 30 days after the service of the final decision of the agency or, if a rehearing is requested within 30 days after the decision thereon.

(c) The filing of the petition does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms.

(d) Within 30 days after the service of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for additional costs. The court may require subsequent corrections to the record and may also require or permit additions to the record.

(e) If, before the date set for hearing, application is made to the court for leave to

The district court denied the City's motion. Mr. Bone then moved for summary judgment. The district court granted Mr. Bone's motion and issued a writ of mandamus ordering the City to rezone Mr. Bone's property for limited commercial uses. The City is appealing the district court's granting of summary judgment. Agreeing with the City, we reverse the district court.

Two issues are raised on this appeal: (1) What is the proper procedure for seeking judicial review of the City's decision to deny Mr. Bone's rezoning application; and (2) what is the meaning of I.C. § 67–6511, which requires a zoning ordinance to be in conformity with the City's comprehensive plan. We will address each issue in order.

### I.

The City first contends that the district court erred by allowing Mr. Bone to seek both a declaration of the parties' rights and obligations under I.C. Title 67, Chapter 65 and a writ of mandamus requiring the City to comply with its comprehensive plan. The City argues that this method of review is outside of I.C. §§ 67–6519 and –5215(b-g), which are the exclusive procedures for appealing an adverse zoning decision. We agree.

I.C. § 67–6519 sets forth the procedure an individual must follow in obtaining judicial review of decisions made under Idaho's Local Planning Act. It states in part:

present additional evidence, and it is shown to the satisfaction of the court that additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decisions by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

(f) The review shall be conducted by the court without a jury and *shall be confined to the record.* In cases of alleged irregularities in procedure before the agency not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.

(g) The court shall not substitute its judgment for that of the agency as to the weight of

An applicant denied a permit or aggrieved by a decision may within sixty (60) days after all avenues have been exhausted under the local ordinance seek judicial review under the procedures provided by sections 67–5215(b) through (g) and 67–5216,[3] Idaho Code.

I.C. § 67–5215(b-g), *see* note 2 *supra,* outlines in detail the scope of a court's review and the bases upon which a court may reverse the agency's decision. In particular, § 67–5215(f) states that the court's review shall be confined to the record while § 67–5215(g) states six grounds upon which a court may reverse the agency: the agency's decision is (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by error of law, (5) clearly erroneous in view of the evidence in the record; or (6) arbitrary, or capricious, or characterized by abuse of discretion.

We find § 67–5215(b-g) to be a complete, detailed, and exhaustive remedy upon which an aggrieved party can appeal an adverse zoning decision. We also find that the legislature's intent in outlining the scope of review and the bases upon which a court may reverse a governing body's zoning decision to be clear. We find no evidence that the legislature intended other avenues of appeal to be available or that bases for reversal or the scope of review

the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. *The court may reverse or modify the decision if the substantial rights of the appellant have been prejudiced because the administrative findings, inferences, and conclusions, or decisions are: 1) in violation of constitutional or statutory provisions; 2) in excess of statutory authority of the agency; 3) made upon unlawful procedure; 4) affected by other error of law; 5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or 6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.*
(Emphasis added.)

3. I.C. § 67–5216 deals with review by the Supreme Court and is not pertinent to the instant case.

should be broader than that found in § 67–5215(b–g). Thus, we hold that § 67–5215(b–g) is the exclusive source of appeal for adverse zoning decisions. To hold otherwise would render the mandate of § 67–5215(b–g) meaningless, for it would allow an applicant to bypass § 67–5215(b–g) by seeking different avenues of appeal with different levels of judicial scrutiny. This is what Mr. Bone has improperly done here.

■ Section 67–6519 makes no mention of § 67–5215(a),[4] which allows an appellate court broader leeway than § 67–5215(b–g) in reviewing an agency decision. In denying the City's motion to limit the district court's review to the parameters outlined in § 67–5215(b–g), the district court stated:

Plaintiff brings this action for a declaration of the rights and obligations of the party and seeks a Writ of Mandamus requiring the defendants to comply with and enact a certain zoning ordinance in conformity with a comprehensive plan. The city contends that the action is an appeal and seeks to limit the scope of the matter to the appeal procedures.

It might be that the ultimate result could be reached by either an appeal or by the vehicle of the suit brought by the plaintiff. The court is of the opinion that the plaintiff should be entitled to seek his relief by *whatever vehicle is available to him* under the law. It does not appear that the court at this stage of the proceedings should attempt to limit a litigant in its theory of the case.

THEREFORE, IT IS ORDERED that the motion to limit is denied.

4. I.C. § 67–5215(a) states:
   A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case of an agency other than the industrial commission or the public utilities commission is entitled to judicial review under this act. This section does not limit the utilization of or the scope of judicial review available under other means of review, redress or relief provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

(Emphasis added.)

The effect of this order was to allow Mr. Bone to pursue his appeal under § 67–5215(a). As we have noted, however, this was improper, for § 67–5219 states that appeals of zoning decisions are only to be brought under § 67–5215(b–g).

The facts of this case also indicate that the district court reviewed the City's decision under § 67–5215(a) and not § 67–5215(b–g). Section 67–5215(f) states that a court shall confine its review to the record. In this case there was no record; the City did not make any findings of fact or conclusions of law in denying Mr. Bone's rezone application.[5] Thus, the district court's decision here is in violation of § 67–5215(f), for it resulted from a review not on the record. The proper step for the district court to have taken should have been to remand to the City Council for the making of findings of fact and conclusions of law.

Our holding today is consistent with what we have said in the past concerning § 67–5215(b–g). In *Workman Family Partnership v. City of Twin Falls,* 104 Idaho 32, 34 n. 1, 655 P.2d 926, 928 n. 1 (1982), we said: "The district court was correct in ruling that the review of the denial of the application to rezone the property is governed by the procedures set forth in I.C. § 67–5215(b) through (g)." *Accord: Hill v. Board of County Commissioners,* 101 Idaho 850, 851, 623 P.2d 462, 463 (1981); *Walker-Schmidt Ranch v. Blaine County,* 101 Idaho 420, 422, 614 P.2d 960, 962 (1980); *Cooper v. Board of*

5. We note that the city's denial of Mr. Bone's rezone application without formally adopting any findings of fact or conclusions of law occurred before the enactment of I.C. § 67–6535 which became effective on July 1, 1982, and which contradicts that which the city did. Section 67–6535 requires that any government entity responsible for approving or disapproving of a zoning application do so "in writing and accompanied by a statement in the form of findings of fact and conclusions of law that explain the criteria and standards considered relevant, state the facts relied upon, and explain the justification for the decision based on the criteria, standards and facts set forth." I.C. § 67–6535(b) (1984 Supp.).

*County Commissioners,* 101 Idaho 407, 411 n. 1, 614 P.2d 947, 951 n. 1 (1980).

■ Mr. Bone argues, however, that I.C. §§ 67–6519 and –5215(b–g) do not preclude him from bringing his cause of action. Mr. Bone contends that, notwithstanding § 67–5215(b–g), he can seek a declaratory judgment interpreting the statute and a writ of mandamus requiring the City to comply with the statute as interpreted. His reason is that he is not appealing his zoning decision but rather seeking an interpretation of the statute. Such an argument exalts form over substance. The fact is that Mr. Bone applied for a rezoning. The City denied his application, and because his application was denied, he subsequently appealed to the district court. Simply because Mr. Bone's theory in appealing his rezone application is that § 67–6511 entitles him to the rezone does not mean that he is not appealing the City's decision. Accordingly, his appeal should have been reviewed under § 67–5215(b–g)'s guidelines.

## II.

The second issue involves the correct interpretation of I.C. § 67–6511. Since we are remanding to the district court with directions to remand to the Lewiston City Council for the adoption of findings of fact and conclusions of law, it is appropriate for us to decide this issue so that this case will be dealt with properly by the City Council.

■ Mr. Bone argues that he is entitled to have his property zoned in conformance with the City's land use map. He cites I.C. § 67–6511 as support for his position.[6] That section states that zoning ordinances shall be "in accordance with" a comprehensive plan. For Mr. Bone, § 67–6511's terminology "in accordance with" means as a matter of law that a zoning applicant is entitled to have his or her property zoned exactly as the City's land use map shows it to be zoned. We do not agree with such a proposition for two reasons.[7]

First, construing § 67–6511 as Mr. Bone would have us read it results in an interpretation of the section that contradicts itself. Subsections 67–6511(a) and (b) discuss the amendment process of zoning districts. In subsection (b) it states that if a rezone request is in accordance with the applicable comprehensive plan, the planning and zoning commission *"may* recommend and the governing board *may* adopt or reject the [zoning] amendment [request]" as proposed. (Emphasis added.)

Requiring all rezone applications to be granted when they agree with the land use map's designation of the property ignores the permissive language used in subsection (b). Had the legislature intended the result Mr. Bone proposes, they would have used the word "shall" instead of "may" and not used the words "or reject."

Second, adopting Mr. Bone's interpretation would elevate the comprehensive plan and land use map to the status of a zoning

---

**6.** Mr. Bone also cites *State v. City of Hailey,* 102 Idaho 511, 633 P.2d 576 (1981), as authority for the proposition that zoning ordinances must conform with the adopted comprehensive plan. In that case, this Court found, *after a factual inquiry,* that the ordinance in dispute was in accordance with the comprehensive plan. Nothing in *Hailey* suggests Mr. Bone's proposition that a zoning applicant is entitled to have his or her property zoned, as a matter of law without any factual inquiry, exactly as the city's land use map shows it to be zoned.

**7.** It is important to make the distinction between the city's comprehensive plan and its land use map. I.C. § 67–6508 directs planning and zoning commissions to prepare and implement comprehensive plans. These plans are to consider "previous and existing conditions, trends,

desirable goals and objectives, or desirable future situations" for twelve different planning components: population, economic development, land use, natural resources, hazardous areas, public services, transportation, recreation, special areas, housing, community design, and implementation.

The land use map, which Mr. Bone argues requires the city to rezone his property, is developed under the land use component mentioned above. Under the land use component, § 67–6508(c) directs that a "map shall be prepared indicating suitable projected land uses for the jurisdiction." The land use map, then, is not the comprehensive plan, but only a subpart of one of twelve components which go into the making of a plan.

ordinance. This result finds no basis in law or reason, for the three—the comprehensive plan, the land use map, and the zoning ordinances—serve different purposes. The City of Lewiston's land use map, as § 67–6508(c) indicates, is a map displaying *"suitable projected* land uses for the jurisdiction." (Emphasis added.) It is not a map of how the City should presently be zoned, but a map of projected uses in the year 2000. In fact, the City's comprehensive plan describes the City's land use map as depicting "the projected structure and land use interrelationships for the City in the year 2000." It goes on further to say, "This map is not an attempt to show precise boundaries or locations, but is a general representation of the relative extent and patterns of *projected land uses.*" (Emphasis added.) Thus, the land use map, in essence, is a goal or forecast of future development in the City. This is contrasted with zoning ordinances, which represent the present uses allowable for the various pieces of property in the City.[8]

It is illogical to say that what has been projected as a pattern of projected land use is what a property owner is entitled to have zoned today. The land use map is not intended to be a map of present zoning uses, nor even a map which indicates what uses are presently appropriate. Its only purpose is that which I.C. § 67–6508(c) mandates—to indicate "suitable projected land uses." Therefore, we hold that a city's land use map does not require a particular piece of property, as a matter of law, to be zoned exactly as it appears on the land use map.

Our holding is supported by a large body of case law which states that comprehensive plans do not themselves operate as legally controlling zoning law, but rather serve to guide and advise the various governing bodies responsible for making zoning decisions. *See Theobald v. Board of County Commissioners, Summit County,* 644 P.2d 942, 949 (Colo.1982); *Barrie v. Kitsap County,* 613 P.2d 1148, 1152 (Wash. 1980); *Holmgren v. City of Lincoln,* 199 Neb. 178, 256 N.W.2d 686, 690 (1977); 82 Am.Jur.2d, Zoning and Planning, § 69; 3 Anderson, *American Law of Zoning* 609.

■ Our holding that "in accordance with" does not require that governing bodies, as a matter of law, zone their land as it appears on their land use maps does not mean that such bodies can ignore their comprehensive plans when adopting or amending zoning ordinances. Section 67–6511 requires governing bodies to zone in accordance with their comprehensive plan. We hold that "in accordance with" is a question of fact. What a governing body charged to zone "in accordance with" under § 67–6511 must do is make a factual inquiry into whether the requested zoning ordinance or amendment reflects the goals of, and takes into account those factors in, the comprehensive plan in light of present factual circumstances surrounding the request.

Here, the district court found that Mr. Bone's rezone application was in accordance with the City's comprehensive plan without having before it the record of either the planning and zoning commission or the City Council. The district court furthermore refused to allow the City to submit evidence of whether Mr. Bone's rezone application was factually in accordance with its comprehensive plan and the present circumstances surrounding the application.[9] Thus, the district court erred in

---

8. The fact that we held in *Dawson Enterprises v. Blaine County,* 98 Idaho 506, 567 P.2d 1257 (1977), that a governing body's comprehensive plan need not have a separate physical existence from its zoning ordinances, but can be discerned from the scheme apparent in the zoning regulations themselves, suggesting the two can be one, is not controlling here. *Dawson* involved interpretation of Idaho's old planning and zoning act—I.C. § 50–1203. Idaho's present statutory scheme—the Local Planning Act of

1975—clearly indicates that comprehensive plans and zoning ordinances are distinct concepts serving different purposes. We recognized this in *Dawson, supra,* at 511, 567 P.2d 1257. For the distinction between a comprehensive plan and a land use map, see note 7, *supra.*

9. It appears the City was in a real Catch-22 in this case. First, as mentioned, the district court refused the City's offer of evidence of why it

reaching its conclusion by failing to have before it the necessary information upon which to decide the case.

For the foregoing reasons we reverse and remand this case to the district court with directions for that court to remand to the City Council for the adoption of findings of fact and conclusions of law. Upon the council's adoption of findings of fact and conclusions of law, if Mr. Bone is still aggrieved by the council's decision, he can appeal to the district court. The district court's review shall be done within the provisions of I.C. § 67–5215(b–g) and be consistent with that which we have stated herein.

No costs or attorney's fees on appeal.

DONALDSON, C.J., and SHEPARD, BAKES and HUNTLEY, JJ., concur.

denied Mr. Bone's application. Then, it held that the City acted arbitrarily in denying Mr. Bone's application stating that the City had shown no valid reason for rejecting Mr. Bone's request.