100 P.3d 615

Brent REGAN and Moura Regan, his
wife, Plaintiffs–Appellants,

v.

KOOTENAI COUNTY, a political
subdivision of the State of Idaho,
Defendant–Respondent.

No. 29737.

Supreme Court of Idaho,
Boise, April 2004 Term.

Oct. 20, 2004.

Harvey Richman, Coeur d'Alene, for appellant.

John A. Cafferty, Coeur d'Alene, for respondent.

**SUBSTITUTE OPINION. THE COURT'S PRIOR OPINION DATED JULY 1, 2004 IS HEREBY WITHDRAWN.**

SCHROEDER, Chief Justice.

Mike and Moura Regan (the Regans) filed a declaratory judgment action to obtain an interpretation of Kootenai County Ordinance No. 309 Article VII regarding the use of a private noncommercial airstrip within the Agricultural Suburban zone. The district court granted summary judgment in favor of Kootenai County and issued a permanent injunction prohibiting the Regans from taking off or landing aircrafts on their property in violation of the ordinance. The Regans appeal.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

The Regans have owned a parcel of land since 1999 consisting of approximately 175 acres located in the Agricultural Suburban zone[1] of Kootenai County, Idaho. On July 15, 1999, they applied for and received a site disturbance permit from Kootenai County allowing for the grading of a then existing road. The Regans resurfaced the road and converted portions of it for use as a private airstrip for themselves and their invitees on a noncommercial basis.

Prior to the Regans' purchase of the property, Kootenai County Zoning Ordinance No. 271 amended an existing zoning ordinance to remove the "[c]ontinued operation of airports or airstrips which were in existence at the time of adoption of Kootenai County Zoning Ordinance No. 11, January 3, 1973, and which have been used continuously (at least once every 6 months) since that date," as a

---

1. "The 'Agricultural Suburban zone' is a land use classification for a district suitable for residential and agricultural uses." Kootenai County Zoning Ordinance No. 309 § 7.00.

permitted use within the Agricultural Suburban zone. When the Regans purchased the Kootenai County property, the use of a private noncommercial airfield was neither a permitted nor conditional use specified under the applicable zoning ordinance.

In a letter dated July 20, 1999, a Planning Director with the Kootenai County Planning Department informed the Regans that their airstrip was considered a prohibited use because it was "not specifically listed as a permitted or conditional use in the Agricultural Suburban zone of Kootenai County Zoning Ordinance...." The letter threatened legal action if the Regans proceeded to use their property in violation of the ordinance and provided the Regans with the following options for seeking redress of the Planning Director's interpretation of the ordinance: (1) finish the re-vegetation and site stabilization work and use the improvements as an access road, without using it as a landing field; (2) appeal the Planning Director's interpretation of the ordinance to the Hearing Examiner; and/or (3) apply for a text amendment to the ordinance, or zone change and conditional use permit to try to properly permit the use.

On December 10, 2001, Kootenai County Zoning Ordinance No. 309 was adopted. Among other things, Ordinance No. 309 restored the "[c]ontinued operation of airports or airstrips which were in existence at the time of adoption of Kootenai County Zoning Ordinance No. 11, January 3, 1973, and which have been used continuously (at least once every 6 months) since that date" as a permitted use for lots located in the Agricultural Suburban zone that are a minimum of 8,250 square feet.

The Regans filed for declaratory relief in district court against Kootenai County. They acknowledged that portions of their property had been converted into a landing field for their private use and for the use of their invitees on a noncommercial basis. They claimed that the county's threatened legal action placed them in jeopardy and requested that the district court "determine whether or not their private landing field and hangar are permissible or are an impermissible use under the Kootenai County Zoning Ordinance." According to the Regans, no other adequate remedy existed to redress this matter.

The parties filed cross-motions for summary judgment. The Regans claimed that Ordinance No. 309 did not restrict the use of their property for the take off and landing of their airplane and the airplanes of their noncommercial invitees because the ordinance does not address noncommercial private airstrips. Kootenai County asserted that the Regans' use would be permitted only if it was a continuous use existing prior to January 3, 1973, which it was not.

The district court issued its memorandum decision regarding the parties' motions for summary judgment, concluding that the section of Ordinance No. 309 identifying permitted uses within the Agricultural Suburban zone "specifically addresses airstrips and expressly excludes an airstrip in an agricultural zone unless the airstrip existed in 1973." The district court held that since the Regans' airstrip was constructed after 1973 it was prohibited regardless of whether it was considered public or private. The district court entered a permanent injunction enjoining the Regans from taking off or landing aircraft on their property in violation of the ordinance. The Regans appealed to this Court which requested briefing on the question of whether the case had been properly filed in district court prior to the exhaustion of administrative remedies.

## II.

### THE REGANS DID NOT EXHAUST ADMINISTRATIVE REMEDIES

#### A. Standard of Review

■ The Local Land Use Planning Act provides that a person affected and aggrieved by a decision of a land use commission or governing board may within twenty-eight days after all remedies have been exhausted under local ordinances seek judicial review as provided by chapter 52, title 67, Idaho Code. I.C. § 67–6521(1)(d). A person is not entitled to judicial review of an agency action until that person has exhausted all

administrative remedies. I.C. § 67–5271(1). Until the full gamut of administrative proceedings has been conducted and all available administrative remedies been exhausted, judicial review should not be considered. *See Grever v. Idaho Telephone Co.*, 94 Idaho 900, 903, 499 P.2d 1256, 1259 (1972).

### B. The Regans failed to exhaust administrative remedies.

On July 15, 1999, the Regans applied for and received a site disturbance permit from Kootenai County allowing for the grading of a then existing road. On July 20, 1999, a Planning Director with the Kootenai County Planning Department sent the Regans a letter stating the following:

> I have reviewed the available information regarding your grading and construction activity on your properties.... It is my interpretation that you have constructed a landing field and hanger for your personal use. Because this is not specifically listed as permitted or conditional use in the Agricultural Suburban zone of Kootenai County Zoning Ordinance, it is considered a prohibited use.

The Planning Director's letter notified the Regans that further use in violation of the ordinance would lead to legal action and suggested the following three options: (1) finish the re-vegetation and site stabilization work and use the improvements as an access road, without using it as a landing field; (2) appeal the interpretation of the zoning ordinance to the Hearing Examiner; and/or (3) apply for a text amendment to the zoning ordinance or zone change and conditional use permit to try to properly permit the use. The Regans did not, however, take the advice of the Planning Director and instead filed a complaint for declaratory relief in district court.

In their complaint for declaratory relief, the Regans sought a "determination of whether or not their private landing field and hangar are permissible or are an impermissible use under the Kootenai County Ordinance." Kootenai County Ordinance No. 309 (KCZO) § 28.08 describes the process for obtaining an administrative appeal concerning the interpretation of its provisions, and provides:

> Appeals concerning interpretation or administration of this Ordinance may be taken by any person aggrieved. Such appeals shall be filed within a reasonable time, not to exceed twenty-eight (28) days, by filing with the Administrator a notice of appeal specifying the grounds thereof. The Administrator shall forthwith transmit to the Hearing Examiner all papers constituting the record upon which the action appealed was taken.

> The Administrator shall fix a reasonable time, not to exceed sixty-five (65) days, for the hearing of the appeal and give legal public notice thereof, as well as due notice to the parties in interest. The Hearing Examiner shall decide the same within a reasonable time, which shall not exceed thirty (30) days following the hearing. At the hearing, any affected party may appear in person or by agent or attorney.

The Idaho Administrative Procedure Act provides that "[a] person is not entitled to judicial review of an agency action until that person has exhausted all administrative remedies required in this chapter." I.C. § 67–5271. The doctrine of exhaustion requires that where an administrative remedy is provided by statute, relief must first be sought by exhausting such remedies before the courts will act. *McKart v. United States*, 395 U.S. 185, 193–95, 89 S.Ct. 1657, 1662–63 23 L.Ed.2d 194, 202–204 (1969); *Pounds v. Denison*, 115 Idaho 381, 383, 766 P.2d 1262, 1264 (Ct.App.1988). No one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463–64, 82 L.Ed. 638, 644–45 (1938). Furthermore, the doctrine of exhaustion generally requires that the case run the full gamut of administrative proceedings before an application for judicial relief may be considered. *Palmer v. Board of County Comm'rs of Blaine County*, 117 Idaho 562, 565, 790 P.2d 343, 346 (1990) (citing *Grever v. Idaho Telephone Co.*, 94 Idaho 900, 903, 499 P.2d 1256, 1259 (1972)). If a claimant fails to exhaust administrative remedies, dismissal of the claim is warranted. *See e.g. Bryant v. City of Blackfoot*, 137 Idaho 307, 313, 48 P.3d

636, 641 (2002). In *White v. Bannock County Commissioners,* 139 Idaho 396, 80 P.3d 332 (2003), this Court recently reaffirmed the policy considerations underlying the doctrine of exhaustion:

> As we have previously recognized, important policy considerations underlie the requirement for exhausting administrative remedies, such as providing the opportunity for mitigating or curing errors without judicial intervention, deferring to the administrative process established by the Legislature and the administrative body, and the sense of comity for the quasi-judicial functions of the administrative body

*Id.* at 401–402, 80 P.3d at 337–38 (citations omitted). Furthermore, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106, 111 (1973).

■ In Idaho, as a general rule, a party must exhaust administrative remedies before resorting to the courts to challenge the validity of administrative acts. *Arnzen v. State,* 123 Idaho 899, 906, 854 P.2d 242, 249 (1993). This Court has recognized exceptions to that rule in two instances: (a) when the interests of justice so require, and (b) when the agency acted outside its authority. *Id.* Neither of those exceptions applies in this case. As the district court noted in its memorandum decision:

> While the Regans would have been free to raise a substantive due process argument and claim that prohibiting their private use of an airstrip is unconstitutional as applied to them, no such claim has been made. Regans are arguing over the interpretation of § 7.04(I), not the constitutionality of its application. Regans concede private airstrips could be prohibited in agricultural suburban zones. The Court holds that § 7.04(I) does just that.

■ The Regans had an adequate administrative remedy. The Kootenai County Hearing Examiner is designated as the decision maker for appeals concerning issues of interpretation. *See* KCZO § 28.08. The Regans failed to demonstrate that justice requires relaxation of the exhaustion rule or that the Kootenai County Planning Department acted outside its authority. The general rule of exhaustion of administrative remedies applies. "Actions for declaratory judgment are not intended as a substitute for a statutory procedure and such administrative remedies must be exhausted." *V–1 Oil Co. v. County of Bannock,* 97 Idaho 807, 810, 554 P.2d 1304, 1307 (1976) (citation omitted). "The courts are loath to interfere prematurely with administrative proceedings and thus they will not, as a rule, assume jurisdiction of declaratory judgment proceedings until administrative remedies have been exhausted, except where the administrative remedy is not adequate." 22A Am.Jur. 2d *Declaratory Judgments* § 83 (2003).

■ In *Bone v. City of Lewiston,* 107 Idaho 844, 693 P.2d 1046 (1984), this Court concluded that Bone had improperly bypassed the exclusive source of appeal for adverse zoning decisions by seeking a declaratory judgment and writ of mandamus. Similarly, the Regans have attempted to bypass the administrative process for reviewing the Planning Director's interpretation of the Kootenai County zoning ordinance. While the Regans' complaint for declaratory relief sought an interpretation of the zoning ordinance rather than judicial review of the Planning Director's interpretation, such a distinction "exalts form over substance." *See Bone,* 107 Idaho at 849, 693 P.2d at 1051. The Regans' complaint was filed in response to the Planning Director's July 20, 1999, letter which interpreted the zoning ordinance as prohibiting the Regans' use of a private noncommercial airfield on their property. The complaint stated that absent a favorable interpretation of the ordinance from the district court, "[t]here is no adequate remedy available to [the Regans]." No showing of that conclusion has been made. Essentially, the Regans' complaint sought declaratory relief from the Planning Director's interpretation of the zoning ordinance. This issue should have been pursued before the Kootenai County zoning authorities under the procedures of the County's administrative appeal ordinance and the Local Land Use

Planning Act, and not by the district court through declaratory relief.

As a general rule, the Court has not treated the doctrine of exhaustion of administrative remedies as one depriving a court of jurisdiction over the subject matter. *Sierra Life Inc. Co. v. Granata*, 99 Idaho 624, 628, 586 P.2d 1068, 1072 (1978). However, in *Fairway Dev. Co. v. Bannock County*, 119 Idaho 121, 804 P.2d 294 (1990), the Court held that in a dispute over the amount of tax assessments, failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction. In reaching its decision this Court explained that "[t]he rule that administrative remedies must be exhausted before the district court will hear a case is a general rule and has been deviated from in some cases. However, such deviation occurs as a result of the various ways that the question has arisen." *Id.* at 125, 804 P.2d at 298. This Court also considered the following analysis from its decision in *Sierra Life Ins. Co. v. Granata*, 99 Idaho 624, 586 P.2d 1068 (1978):

> It is difficult to find truly analogous cases dealing with the defense of failure to exhaust administrative remedies because of (1) the extremely varied nature of the administrative proceedings and remedies involved; (2) the variations in the nature of the judicial relief or remedy sought which brings the judicial and administrative proceedings into conflict; and (3) the variations in the manner in which the exhaustion doctrine defense is raised procedurally.

> Professor Davis suggests the difficulty of looking to the cases for guidance in applying the exhaustion doctrine in these remarks:

>> The statement the courts so often repeat in their opinions—that judicial relief must be denied until administrative remedies have been exhausted—is seriously at variance with the holdings....

>> The law embodied in the holdings clearly is that sometimes exhaustion is required and sometimes not. No court requires exhaustion when exhaustion will involve irreparable injury and when agency is palpably without jurisdiction; probably every court requires exhaustion when the question presented is one within the agency's specialization and when the administrative remedy is as likely as the judicial remedy to provide the wanted relief. In between extremes is a vast array of problems on which judicial action is variable and difficult or impossible to predict.

*Id.* (citing *Sierra*, 99 Idaho at 627, 586 P.2d at 1071).

The Court in *Fairway* concluded that the exceptions to the exhaustion rule (i.e., where the interest of justice so require and where the agency acts outside its authority) "do not apply in cases where the issues is the correctness of the tax assessments." *Id.* at 125, 804 P.2d at 298. Consequently, "[i]n such a case the district court does not acquire subject matter jurisdiction until all the administrative remedies have been exhausted." *Id.* Likewise, the recognized exceptions to the exhaustion doctrine do not apply to the present case where the question relates to the interpretation of an ordinance since it "is one within the zoning authority's specialization" and "the administrative remedy is as likely as the judicial remedy to provide the wanted relief." See generally *id.* The Regans' failure to exhaust their administrative remedies deprived the district court of subject matter jurisdiction over their claim for declaratory relief. The decision of the district court on the Regans' claim for declaratory relief is vacated and the case is remanded with instructions to enter an order dismissing the Regans' claim. The orders entered pursuant to the County's counterclaim shall remain in effect.

## III.

## CONCLUSION

The decision of the district court is vacated and the case is remanded for entry of an order dismissing the complaint for declaratory relief. Orders entered by the district court pursuant to the counterclaim shall remain in effect. The County is awarded costs.

Justice TROUT, Justices KIDWELL, EISMANN and BURDICK concur.