149 P.3d 851

**W. Anthony PARK and Gail A. Chaloupka, husband and wife; Mahn Investments L.P., an Idaho limited partnership; Peter T. Johnson and Carolyn C. Johnson, husband and wife; and all other persons similarly situated, Plaintiffs–Respondents–Cross Appellants,**

**v.**

**Archie BANBURY and Karen Campbell, Valley County Assessors, and Terry Gestrin, F. Phillip Davis, and Thomas Kerr, Commissioners of the Valley County Board of County Commissioners, sitting as the Valley County Board of Equalization, Defendants–Appellants–Cross Respondents.**

**No. 32861.**

Supreme Court of Idaho, Boise, November 2006 Term.

Dec. 21, 2006.

Paine, Hamblen, Coffin, Brooke & Miller, LLP, Coeur d'Alene, for appellants. Peter C. Erbland argued.

Hall, Farley, Oberrecht & Blanton, P.A., Boise, for respondents. Phillip S. Oberrecht argued.

SCHROEDER, Chief Justice.

Lakefront landowners in McCall challenged the methodology for assessing value used by the Valley County Assessor. The county appeals from the district court's ruling that its use of "neighborhoods" rather than categories for assessment purposes violates Idaho law.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The respondents ("Property Owners") are owners of various parcels of land fronting Big Payette Lake in McCall, Valley County,

Idaho. In response to rapidly rising real estate prices in the area, the Valley County assessor ("Assessor") significantly increased the assessed values of certain properties for 2004. For properties not scheduled to be individually appraised that year, the assessment was effected by a process known as mass appraisal or "indexing" in which previously assessed values are adjusted to reflect changes in the market as evidenced by recent transactions involving similar properties. As a result of this indexing process, the Property Owners' properties were assessed at values between 41% and 49% higher than the previous year.

The Property Owners appealed their increased assessments to the county commissioners sitting as a board of equalization ("Board of Equalization" or "Board"), claiming that the increase in value assessed to their properties was disproportionate relative to properties in other parts of the county. The Board denied their appeals on July 12, 2004.

Rather than appeal the ruling to either the board of tax appeals or the district court, the Property Owners filed an independent action in the district court on August 12, 2004, challenging the assessments. The Property Owners claimed that the county's practice of calculating index adjustments on a neighborhood basis rather than by category violates Idaho law, including Article VII, Section 5 of the Idaho Constitution, which requires that "[a]ll taxes shall be uniform upon the same class of subjects within territorial limits, of the authority levying the tax," as well as various statutory and regulatory provisions. They also contended that other methods used by the Assessor were arbitrary and capricious, including the use of abstraction methods to determine lakefront land values and reliance on recent sales that were not time-adjusted to estimate property values elsewhere in the county. Finally, the Property Owners challenged the constitutionality and applicability of the so-called speculative homesite exemption, I.C. § 63-602FF, which allegedly allowed certain other properties in the county to be assessed significantly below their true market value, thereby shifting a greater burden to the remaining properties.

The district court granted partial summary judgment for the Property Owners, holding that their failure to exhaust available administrative remedies did not deprive the court of subject matter jurisdiction, and that the Assessor's reliance on neighborhoods rather than categories in assessing values was contrary to Idaho law. The district court rejected other contentions of the Property Owners, ruling that they had failed to demonstrate how the abstraction and time adjustment methods used by the Assessor were unlawful or unreasonable and that the speculative homesite exemption was constitutional. The district court also held that the Assessor's errors did not work a violation of the Property Owners' substantive due process and equal protection rights. The county's subsequent motion for reconsideration was denied.

The county appeals from the district court's ruling on subject matter jurisdiction and from its order requiring the county to assess property "by category rather than neighborhood." The Property Owners cross-appeal, claiming the district court should have held the county's abstraction and time-adjustment methods were arbitrary and contrary to law. The speculative homesite exemption has since been repealed and is not part of this appeal. 2006 Idaho Sess. Laws ch. 233, § 1. Likewise, the due process and equal protection claims have not been raised on appeal. The Idaho State Tax Commission is also before the Court as amicus curiae.

## II.

### THE DISTRICT COURT LACKED AUTHORITY TO HEAR THE PROPERTY OWNERS' CLAIMS

The threshold issue is whether the Property Owners' claims were properly before the district court. Pursuit of statutory administrative remedies is a condition precedent to judicial review. *Fairway Dev. Co. v. Bannock County*, 119 Idaho 121, 124, 804 P.2d 294, 297 (1990). "[T]he doctrine of exhaustion generally requires that the case run the full gamut of administrative proceedings before an application for judicial relief may be considered." *Regan v. Kootenai County*, 140 Idaho 721, 724, 100 P.3d 615, 618 (2004).

The doctrine of exhaustion serves important policy considerations, including "providing the opportunity for mitigating or

curing errors without judicial intervention, deferring to the administrative process established by the Legislature and the administrative body, and the sense of comity for the quasi-judicial functions of the administrative body." *Regan*, 140 Idaho at 725, 100 P.3d at 619 (quoting *White v. Bannock County Commissioners*, 139 Idaho 396, 401–02, 80 P.3d 332, 337–38 (2003)). Consistent with these principles, courts infer that statutory administrative remedies implemented by the Legislature are intended to be exclusive. *See, e.g., Castrigno v. McQuade*, 141 Idaho 93, 96, 106 P.3d 419, 422 (2005); *cf.* I.R.C.P. 84(a)(1) (providing that actions of a local government or its officers "are not subject to judicial review unless expressly authorized by statute").

### 1. Overview of administrative procedures

The administrative remedies for property tax assessments are provided in Chapters 5 and 38 of Title 63 of the Idaho Code, which respectively govern the county board of equalization and the board of tax appeals. A taxpayer may appeal an assessment to the county board of equalization, subject to certain procedural requirements. I.C. § 63–501A(1). The board of equalization may consider an appeal only if it is timely filed, normally by the fourth Monday of June. I.C. §§ 63–501(1)(c), 63–501A(2). The board "must examine and act upon all complaints filed with the board in regard to the assessed value of any property entered on the property rolls and must correct any assessment improperly made." I.C. § 63–502.

Within 30 days after the board's decision the taxpayer may appeal to the board of tax appeals. I.C. §§ 63–511(1), 63–3811. The board of tax appeals "may affirm, reverse, modify or remand any order of the board of equalization, and shall grant other relief, invoke such other remedies, and issue such orders in accordance with its decision, as appropriate." I.C. § 63–511(4). From the decision of the board of tax appeals, the taxpayer may appeal to the district court in accordance with Idaho Rule of Civil Procedure 84. I.C. § 63–3812.

Prior to 1985 taxpayers were generally required to pursue their claims first to the board of equalization and then to the board of tax appeals before bringing an action in district court. In 1985 the Legislature amended the predecessor of section 63–511 by the addition of a new subsection (3), which provides as follows:

> Any appeal that may be taken to the board of tax appeals may, during the same time period, be taken to the district court for the county in which the property is located.

1985 Idaho Sess. Laws ch. 219, § 1. The time period referred to is the 30–day limit specified in section 63–511(1).[1]

---

1. The full statute reads as follows:

**63–511. Appeals from county board of equalization.**—(1) Any time within thirty (30) days after mailing of notice of a decision of the board of equalization, or pronouncement of a decision announced at a hearing, an appeal of any act, order or proceeding of the board of equalization, or the failure of the board of equalization to act may be taken to the board of tax appeals. Such appeal may only be filed by the property owner, the assessor, the state tax commission or by a person aggrieved when he deems such action illegal or prejudicial to the public interest. Nothing in this section shall be construed so as to suspend the payment of property taxes pending said appeal.

(2) Notice of such appeal stating the grounds therefor shall be filed with the county auditor, who shall forthwith transmit to the board of tax appeals a copy of said notice, together with a certified copy of the minutes of the proceedings of the board of equalization resulting in such act, order or proceeding, or a certificate to be furnished by the clerk of the board that said board of equalization has failed to act in the time required by law on any complaint, protest, objection, application or petition in regard to assessment of the complainant's property, or a petition of the state tax commission. The county auditor shall also forthwith transmit all evidence taken in connection with the matter appealed. The county auditor shall submit all such appeals to the board of tax appeals within thirty (30) days of being notified of the appeal or by no later than October 1, whichever is later. The board of tax appeals may receive further evidence and will hear the appeal as provided in chapter 38, title 63, Idaho Code.

(3) Any appeal that may be taken to the board of tax appeals may, during the same time period, be taken to the district court for the county in which the property is located.

(4) In any appeal taken to the board of tax appeals or the district court pursuant to this section, the burden of proof shall fall upon the party seeking affirmative relief to establish that the valuation from which the appeal is taken is

The purpose of the amendment was to allow taxpayers to elect to bypass a portion of the administrative appeal process that would otherwise be required under the doctrine on exhaustion. *See* Statement of Purpose, 1985 Idaho Sess. Laws ch. 219 ("The purpose of the amendment to Section [63–511's predecessor] will allow a taxpayer to bypass the Board of Tax Appeals and go directly to District Court in appealing property values."). The amendment did not remove the exhaustion requirement but provides a limited mechanism for direct appeal to a district court by which a claimant can bypass one step in the administrative process, namely the board of tax appeals.

■ The Property Owners appealed their assessments to the county board of equalization, which denied their claims on July 12, 2004. Rather than appeal to either the board of tax appeals or the district court under section 63–511, the Property Owners filed a complaint in the district court on August 12, 2004, 31 days after the decision of the board of equalization. They do not argue that the complaint should be considered timely; rather they contend their claims constitute an independent action for which exhaustion is not required because the administrative body (i.e. the board of tax appeals) would be incapable of rendering the relief requested.

### 2. The district court's ruling

The district court denied the motion to dismiss for failure to exhaust, commenting on the exception for futility and a belief that the board of tax appeals would not take up constitutional issues. The district court also noted the bypass procedure available in section 63–511(3).

The right to pursue an appeal to the district court is limited in duration. The existence of that right which was not utilized, does not support the availability of a direct action bypassing administrative remedies. In fact the bypass procedure provides access to a court of general jurisdiction in an orderly process, circumscribed by a 30 day limit. In *McCuskey v. Canyon County*, 123 Idaho 657, 660, 851 P.2d 953, 956 (1993), the Court held that a district court had authority to issue a declaratory judgment regarding the validity of a zoning ordinance in spite of failure to exhaust, but the Court recognized that appeals regarding the issuance of a particular permit should still be reviewed under the statutory procedures. In this case the Property Owners maintain that the procedures utilized in Valley County are contrary to state statutes and regulations by considering neighborhoods instead of the categories of property. Clearly interpretation of state statutes and regulations would fall within the jurisdiction of either the board of tax appeals or the district court. Failure to pursue either avenue in the established administrative procedure precludes challenge in an independent action. *See Bone v. City of Lewiston*, 107 Idaho 844, 847–48, 693 P.2d 1046, 1049–50 (1984) (allowing applicants to bypass the statutory administrative procedure would render that procedure meaningless).

### 3. Exceptions to Exhaustion Requirement

■ "The rule that administrative remedies must be exhausted before the district court will hear a case is a general rule and has been deviated from in some cases." *Fairway Dev.*, 119 Idaho at 125, 804 P.2d at 298. Specifically, the requirement will be dispensed with when "the interests of justice so require" or when the agency has acted outside its authority. *Regan*, 140 Idaho at 725, 100 P.3d at 619 (citing *Arnzen v. State*, 123 Idaho 899, 906, 854 P.2d 242, 249 (1993)); *accord Fairway Dev.*, 119 Idaho at 125, 804 P.2d at 298; *Grever v. Idaho Tel. Co.*, 94

---

erroneous, or that the board of equalization erred in its decision regarding a claim that certain property is exempt from taxation, the value thereof, or any other relief sought before the board of equalization. A preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief and the burden of going forward with the evidence shall shift as in other civil litigation. The

board of tax appeals or the district court shall render its decision in writing, including therein a concise statement of the facts found by the court and the conclusions of law reached by the court. The board of tax appeals or the court may affirm, reverse, modify or remand any order of the board of equalization, and shall grant other relief, invoke such other remedies, and issue such orders in accordance with its decision, as appropriate.

Idaho 900, 903, 499 P.2d 1256, 1259 (1972). Styled differently, courts will not require exhaustion "when exhaustion will involve irreparable injury and when the agency is palpably without jurisdiction." *Sierra Life Ins. Co. v. Granata,* 99 Idaho 624, 627, 586 P.2d 1068, 1071 (1978); *see also Regan,* 140 Idaho at 726, 100 P.3d at 620; *Fairway Dev.,* 119 Idaho at 125, 804 P.2d at 298.

▊ There is no basis to conclude that the Assessor or the Board of Equalization lacked authority to assess the Property Owners' properties or impose the property tax. *See Castrigno,* 141 Idaho at 98, 106 P.3d at 424; *V–1 Oil Co. v. Bannock County,* 97 Idaho 807, 809, 554 P.2d 1304, 1306 (1976) ("Those allegations simply allege excessive assessments.... There is no contention that the assessor lacked authority to assess the property in some amount...."). That an assessment may be erroneous does not render the tax "absolutely void." *Washburn–Wilson Seed Co. v. Jerome County,* 65 Idaho 1, 8, 138 P.2d 978, 981 (1943).

▊ The Property Owners claim that the interests of justice required immediate judicial intervention. Typically this situation occurs where irreparable harm results from the administrative process itself. *See Sierra Life,* 99 Idaho at 629, 586 P.2d at 1073 (excusing failure to exhaust where the subject matter of the action involved alleged proposed unlawful action by the agency that would cause irreparable harm to the plaintiff); *Owsley v. Idaho Indus. Comm'n,* 141 Idaho 129, 135, 106 P.3d 455, 461 (2005) (recognizing an exception to the exhaustion requirement "where bias or prejudgment by the decisionmaker can be demonstrated" because due process entitles a person to an impartial tribunal and requiring exhaustion before a biased decision maker would be futile). The standard may also be satisfied by showing that the agency lacks power to grant the requested relief, i.e., that exhaustion would be futile.

This Court has decided that "[t]he exceptions to the exhaustion doctrine do not apply ... where the issue is the correctness of the tax assessments." *Fairway Dev.,* 119 Idaho at 125, 804 P.2d at 298; *accord Castrigno,* 141 Idaho at 96, 106 P.3d at 422. The Property Owners, however, contend that this rule

does not apply in their case because the agency lacked authority to grant the relief requested, relying on Idaho Code section 63–502, which states that the Board of Equalization's function is *"confined strictly* to assuring that the market value for assessment purposes of property has been found by the assessor" and to ensuring the proper application of any exemptions. I.C. § 63–502 (emphasis added). The Property Owners maintain that they did not seek a determination by the district court of whether their individual assessments were proper or whether they received appropriate exemptions. They sought a ruling that the improper assessment methods and procedures had an unequal impact on them, requiring that all properties in Valley County be re-assessed using proper methods. They assert that the administrative agency could not grant the remedies they sought, and exhaustion should not be required.

The limited powers of the Board of Equalization would not preclude either the board of tax appeals or the district court from reviewing the methods and procedures for assessing property in Valley County to assure that proper methods and procedures were followed.

> The board of tax appeals or the court may affirm, reverse, modify or remand any order of the board of equalization, and shall grant other relief, invoke such other remedies, and issue such orders in accordance with its decision, as appropriate.

I.C. § 63–511(4).

The claims of the Property Owners that the Assessor improperly assessed properties by neighborhood and utilized other improper procedures is an assertion that the Assessor did not comply with the applicable regulations. These challenges fall squarely within the administrative framework erected to monitor and correct the assessment process.

▊ The Property Owners' cross appeal alleges that various methods used by the Assessor violate the constitutional rule requiring that tax assessments be uniform. Even if these claims are interpreted as a constitutional challenge to the validity of a statute or rule, it does not follow that exhaustion is waived. Al-

**582**

though facial challenges to the validity of a statute or ordinance need not proceed through administrative channels, as-applied challenges may be required to do so. In *McCuskey*, the Court recognized an exception where the property owner was challenging the validity of the zoning ordinance itself rather than a decision of the zoning authority. 123 Idaho at 660, 851 P.2d at 956; *cf. Regan*, 140 Idaho at 725, 100 P.3d at 619 (finding an adequate administrative remedy where the party was challenging the interpretation rather than the constitutionality of the statute at issue). In *White* the Court suggested that even a due process claim should be addressed first at the administrative level to avoid courts interfering with the subject matter jurisdiction of another tribunal. 139 Idaho at 400, 80 P.3d at 336 ("Whether or not Monroe's request for a conditional use permit met the requirements of the statute or satisfied due process is an issue which should have been pursued before the county zoning authorities under the procedures of the [zoning] ordinance and [the governing statute], and not by the district court through a collateral attack."). Where the possibility exists that an alleged constitutional violation might be remedied on other than constitutional grounds, requiring exhaustion of administrative remedies is not futile.

### III.

### CONCLUSION

The district court lacked subject matter jurisdiction over the Property Owners' claims due to their failure to exhaust administrative remedies. The decision of the district court is reversed. Costs are awarded to Valley County.

Justices TROUT, EISMANN, BURDICK and JONES concur.

