170 P.3d 383

**J. Charles BLANTON, Petitioner–Appellant,**

v.

**CANYON COUNTY, Respondent.**

No. 33439.

Supreme Court of Idaho,
Boise, September 2007 Term.

Oct. 11, 2007.

Hall, Farley, Oberrecht & Blanton, P.A., Boise, for appellant. J. Charles Blanton argued.

David L. Young, Canyon County Prosecuting Attorney, Caldwell, for respondent. Samuel Laugheed argued.

EISMANN, Chief Justice.

This is an appeal from the district court's dismissal of the appellant's challenge to his property-tax assessments on the ground that the appellant had failed to exhaust his administrative remedies. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 1983, J. Charles Blanton (Blanton) purchased eight contiguous lots (Lots 2 through 9) in a subdivision near Middleton in Canyon County. Lots 3 through 8 are fourteen feet wide and Lots 2 and 9 are eighteen feet wide. They are all 115 feet long. The lots were intended for townhouses, but could be combined for construction of single family dwellings. In August 2003 Blanton gifted every other lot (Lots 3, 5, 7, and 9) to his daughter.

By doing so, he hoped to decrease the values of the individual lots in order to reduce the tax liability.

In 2005, the Canyon County Assessor valued Blanton's lots at $5,000 each. Blanton protested that valuation on the ground that his remaining lots (Lots 2, 4, 6, and 8) were too narrow for any practical use. He contended that the value of each lot was $100. The board of county commissioners, sitting as a board of equalization, heard the matter on June 28, 2005. Blanton did not appear at the hearing, and the board of equalization voted to uphold the valuations of the lots.

Blanton timely appealed to the board of tax appeals, which heard the matter *de novo*.[1] It heard the appeal on November 1, 2005, but Blanton did not appear at the hearing. On November 8, 2005, the board of tax appeals issued an order dismissing the appeal due to Blanton's failure to appear.

Blanton then timely filed a petition for judicial review. On June 5, 2006, the matter was heard by the district court as a trial *de novo* pursuant to Idaho Code § 63–3812. Both parties presented evidence and argument, and the district court took the matter under advisement. Before issuing a decision on the merits of the case, the district court raised the issue of whether it lacked subject-matter jurisdiction because Blanton's failure to appear at the hearing before the board of tax appeals constituted a failure to exhaust his administrative remedies. After giving both parties an opportunity to brief the issue, the district court held that it did and dismissed this action. Blanton then timely appealed.

## II. ISSUES ON APPEAL

1. Did the district court err in dismissing this action for Blanton's failure to exhaust his administrative remedies?

2. Is Canyon County entitled to an award of attorney fees on appeal?

1. Idaho Code § 63–511(2) provides, "The board of tax appeals may receive further evidence and will hear the matter as provided in chapter 38, title 63, Idaho Code." The right to receive additional evidence is consistent with a *de novo* re-

## III. ANALYSIS

### A. Did the District Court Err in Dismissing This Action for Blanton's Failure to Exhaust His Administrative Remedies?

■ "As a general rule, a party must exhaust administrative remedies before resorting to the courts to challenge the validity of administrative acts. We have recognized exceptions to that rule in two instances: (a) when the interests of justice so require, and (b) when the agency acted outside its authority." *KMST, LLC v. County of Ada,* 138 Idaho 577, 583, 67 P.3d 56, 62 (2003) (citations omitted). Those exceptions do not apply when the issue is the correctness of tax assessments. *Park v. Banbury,* 143 Idaho 576, 149 P.3d 851 (2006); *Fairway Dev. Co. v. Bannock County,* 119 Idaho 121, 804 P.2d 294 (1990).

Idaho Code § 63–3808 provides, "The board [of tax appeals] shall adopt and publish such rules and regulations as may be necessary to carry out its duties and amplify the procedural structure set out in this act and chapter 52, title 67, Idaho Code." Pursuant to that legislative authority, the board of tax appeals has adopted IDAPA 36.01.01.101 (Rule 101) authorizing it to dismiss an appeal if the appellant did not appear in person at the hearing. Rule 101 provides:

**101. FAILURE TO APPEAR—DEFAULT OR DISMISSAL—SETTING ASIDE—APPEARANCES (RULE 101).**

**01. Default or Dismissal.** Failure of either party to appear at the time and place appointed by the Board may result in a dismissal of that appeal or the granting of the appeal.

**02. Setting Aside.** Within ten (10) days after service of a default or dismissal order, the party against whom the order was entered may file a written objection requesting that the order be vacated and stating the specific grounds relied upon. The objection must be served on all other parties to the appeal and their representa-

view and is inconsistent with an appellate review confined to the record made below. *Marcia T. Turner, L.L.C. v. City of Twin Falls,* 144 Idaho 203, 159 P.3d 840 (2007); *Petersen v. Franklin County,* 130 Idaho 176, 938 P.2d 1214 (1997).

tives in accordance with the requirements of this chapter. The Board may, for good cause, set aside an entry of dismissal, default, or final order.

**03. Waiver of Parties' Appearance.** Upon written stipulation of both parties that no facts are at issue, an appeal may be submitted to the Board with or without oral argument. However, the Board in its discretion may require appearance for argument or presentation of evidence.

Because Blanton did not appear at the hearing, the board of tax appeals dismissed his appeal pursuant to the above-quoted rule.

Blanton argues that he did "appear" if that word is construed to mean simply filing a pleading, such as his notice of appeal. In making that argument, he does not address the wording of, or even mention, Rule 101. The word "appear" in that Rule clearly refers to being present at the hearing.

The hearing set before the board of tax appeals was intended to be an evidentiary hearing at which Blanton was to appear and present evidence challenging the valuation of his lots. Blanton admits that he did not appear or offer any evidence at the hearing. He argues that the requirement that he exhaust his administrative remedies should not obligate him to actually participate in the administrative hearing. He contends that exhaustion of his administrative remedies should only require that he obtain an adverse decision from the administrative body and that the order dismissing his appeal for his failure to appear was such an adverse decision.

■■■ "[T]he doctrine of exhaustion generally requires that the case run the full gamut of administrative proceedings before an application for judicial relief may be considered." *White v. Bannock County Commissioners*, 139 Idaho 396, 401, 80 P.3d 332, 337 (2003). "[I]mportant policy considerations underlie the requirement for exhausting administrative remedies, such as providing the opportunity for mitigating or curing

errors without judicial intervention, deferring to the administrative processes established by the Legislature and the administrative body, and the sense of comity for the quasi-judicial functions of the administrative body." *Id.* at 401–02, 80 P.3d at 337–38.

We have not previously addressed the issue of whether a party must actually appear and participate in a scheduled administrative hearing in order to have exhausted the party's administrative remedies. The policy considerations underlying the exhaustion requirement require that a party do so. The exhaustion requirement would become meaningless if it could be satisfied by a party simply requesting a determination from an administrative body while refusing to participate further in the administrative proceedings.

Finally, Blanton argues that he should not have been required to appear before the board of tax appeals because he was not statutorily required to pursue that administrative remedy. Prior to 1985, a taxpayer challenging the valuation of real property had to appeal to the board of tax appeals from the board of equalization. *Park v. Banbury*, 143 Idaho 576, 149 P.3d 851 (2006). In 1985, the legislature amended the predecessor to Idaho Code § 63–511 to permit a taxpayer to appeal directly to the district court for the county in which the property is located rather than appeal to the board of tax appeals. *Id.* Blanton contends that since he could have bypassed the board of tax appeals by appealing directly to the district court in Canyon County, he should not be required to exhaust that administrative remedy. This argument is unavailing.

Blanton had two options for challenging the decision of the board of equalization. He could appeal directly to the district court in Canyon County or he could appeal to the board of tax appeals.[2] He did not file a timely petition for review in the district court in Canyon County. Therefore, his only available remedy for challenging his assessment was to file an appeal to the board of tax

---

2. An appeal from the board of tax appeals could be taken to the district court in the county where the property is located or the district court in the county of the taxpayer's residence. I.C. § 63–3812. Blanton elected to appeal to the board of

tax appeals because he wanted any trial *de novo* in district court to be in Ada County (the county of his residence) rather than in adjoining Canyon County.

**722**

appeals. Having chosen that course, he was required to pursue it in order to exhaust his administrative remedies.

In *Park v. Banbury*, 143 Idaho 576, 149 P.3d 851 (2006), the plaintiffs could have filed their action in district court one day earlier so that it would have been within the time period for an appeal from the county board of equalization. Instead, they filed an independent action in district court on the day after the time for appeal had run. We held that their action must be dismissed for failure to exhaust their administrative remedy of direct appeal to the district court. The issue with respect to exhausting administrative remedies is not what could have been done; it is what was done. That Blanton could have filed a direct appeal to the district court in Canyon County does not matter. He did not do so.

### B. Is Canyon County Entitled to an Award of Attorney Fees on Appeal?

■ Canyon County seeks an award of attorney fees pursuant to Idaho Code §§ 12–117 and 12–121. Attorney fees are awardable on appeal under the former statute if Blanton acted without a reasonable basis in fact or law. *Lockheed Martin Corp. v. Idaho State Tax Comm'n*, 142 Idaho 790, 134 P.3d 641 (2006). Attorney fees can be awarded under the latter statute if Blanton's appeal was brought frivolously, unreasonably, or without foundation. *Gustaves v. Gustaves*, 138 Idaho 64, 57 P.3d 775 (2002). Because we have never previously addressed whether someone must actually participate in administrative proceedings in order to exhaust administrative remedies, we deny Canyon County's request for an award of attorney fees. *Brandon Bay, Ltd. P'ship v. Payette County*, 142 Idaho 681, 132 P.3d 438 (2006).

### IV. CONCLUSION

The judgment of the district court is affirmed. We award costs, but not attorney fees, to the respondent.

Justices TROUT, BURDICK, J. JONES, and W. JONES concur.

